ROBBINS GELLER RUDMAN
   & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
swilliams@rgrdlaw.com

ROBBINS GELLER RUDMAN
   & DOWD LLP
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYUNGJOON KIM, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>     vs.<br><br>SYNOPSYS, INC. et al.,<br><br>                    Defendants. | Case No. 5:25-cv-09410-EKL<br><br>NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE:      April 29, 2026<br>TIME:      10 a.m.<br>CTRM:    7, 4th Floor<br>JUDGE:   Hon. Eumi K. Lee |

4913-4466-2917.v1

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on April 29, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 7 – 4th Floor, 280 South 1st Street, San Jose, CA 95113 before the Honorable Eumi K. Lee, class members Ohio Carpenters Pension Fund, UA Local 13 Pension Fund, and Sheet Metal Workers' Local No. 80 Pension Trust Fund (the "Pension Funds") will and hereby do move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B) and 15 U.S.C. §77z-1(a)(3)(B), for an order: (1) consolidating *Kim v. Synopsys, Inc.*, No. 5:25-cv-09410 (N.D. Cal.) and *New England Teamsters Pension Fund v. Synopsys, Inc.*, No. 5:25-cv-10201 (N.D. Cal.) (the "Related Actions"); (2) appointing the Pension Funds as Lead Plaintiff; and (3) approving the Pension Funds' selection of Robbins Geller Rudman & Dowd LLP as Lead Counsel.  In support of this Motion, the Pension Funds submit herewith a Memorandum of Points and Authorities and the Declaration of Michael Albert ("Albert Decl.").

## MEMORANDUM OF LAW

## I.    INTRODUCTION

Presently pending before this Court are two related securities class action lawsuits brought on behalf of purchasers of Synopsys, Inc. securities between December 4, 2024 and September 9, 2025, inclusive (the "Class Period") pursuant to §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), including purchasers in exchange for shares in the January 16, 2024 acquisition of Ansys, Inc. pursuant to §§11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"). Pursuant to the PSLRA, the Court must decide whether to consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).[1]  As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar legal and factual issues.

---

[1]    The PSLRA amended the Securities Act and the Exchange Act in virtually identical ways as to the lead plaintiff provisions. *Compare* 15 U.S.C. §78u-4(a)(3)(B) *with* 15 U.S.C. §77z-1(a)(3)(B). For simplicity, only the Exchange Act is cited herein.

NOTICE OF MOTION & MOTION FOR CONSOL. OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF & APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMO OF LAW IN SUPPORT THEREOF - 5:25-cv-09410-EKL                                    - 1 -
4913-4466-2917.v1

Additionally, the PSLRA states that the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The Pension Funds should be appointed as lead plaintiff because they: (1) timely filed this Motion; (2) have a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, the Pension Funds' selection of Robbins Geller to serve as lead counsel should be approved because the Firm possess extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should consolidate the Related Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.    Whether the Court should appoint the Pension Funds as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3.    Whether the Court should approve the Pension Funds' selection of Robbins Geller as Lead Counsel for the class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III.    STATEMENT OF FACTS

Headquartered in Sunnyvale, California, Synopsys provides electronic design automation software products used to design and test integrated circuits. Synopsys's common stock trades on the NASDAQ exchange under the ticker SNPS.

The complaints allege that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) the Company's increased focus on artificial intelligence customers, which require additional customization, was deteriorating the economics of its Design IP business; (ii) as a result, "certain road map and resource decisions" were unlikely to "yield their intended results"; (iii) the foregoing had a material negative impact on financial results; and (iv) defendants, therefore, lacked a reasonable basis for their positive statements about the

Company's business, operations, and prospects. *Kim*, ECF 1 at ¶5; *New England Teamsters*, ECF 1 at ¶7.

The complaints allege that on September 9, 2025, Synopsys released its third quarter 2025 financial results, revealing that the Company's "IP business underperformed expectations," with Design IP segment revenue declining nearly 8% year-over-year. *Kim*, ECF 1 at ¶3; *New England Teamsters*, ECF 1 at ¶8. In a related earnings call the same day, the Company's CEO revealed results were impacted by factors including "certain road map and resource decisions that did not yield their intended results" and that the Company was "actively pivoting [its] IP resources and road map" due to these challenges. *Kim*, ECF 1 at ¶31; *New England Teamsters*, ECF 1 at ¶8. On this news, the price of Synopsys stock fell more than 35%.

As a result of defendants' alleged wrongful acts and omissions and the decline in the value of Synopsys securities, the Pension Funds and other class members have suffered significant losses and damages.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a). "'Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved.'" *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) (citation omitted). Further, "[t]he district court has broad discretion . . . to consolidate cases pending in the same district." *Invs. Research Co. v. U.S. Dist. Ct. for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989).

Here, the *Kim* and *New England Teamsters* actions involve nearly identical questions of law and fact. Both actions assert claims under §§10(b) and 20(a) of the Exchange Act against Synopsys

and defendants Sassine Ghazi and Shelagh Glaser. *Compare Kim*, ECF 1 at ¶¶1, 13-15 *with New England Teamsters*, ECF 1 at ¶¶3(a), 19-20. Both complaints rely on the same factual predicate: that defendants allegedly misled investors regarding the economics of the Company's Design IP business and the impact of AI customization on its "road map and resource decisions." *Kim*, ECF 1 at ¶5; *New England Teamsters*, ECF 1 at ¶7. Furthermore, both actions allege the exact same Class Period, commencing on December 4, 2024, and ending on September 9, 2025. *Kim*, ECF 1 at ¶1; *New England Teamsters*, ECF 1 at ¶3(a). Given these substantial similarities, consolidation is appropriate to prevent duplication of effort and conserve judicial resources.[2]

## B. The Pension Funds Are the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedures for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or the group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). The Pension Funds meet each of these requirements and should be appointed Lead Plaintiff.

---

[2]    The *Kim* complaint asserts claims solely under the Exchange Act on behalf of investors in Synopsys securities between December 4, 2024 and September 9, 2025, while the *New England Teamsters* complaint asserts claims under both the Exchange Act and the Securities Act on behalf of investors in Synopsys securities between December 4, 2024 and September 9, 2025 and acquirers of Synopsys common stock in connection with the Ansys acquisition. *Kim*, ECF 1 at ¶1; *New England Teamsters*, ECF 1 at ¶3. The modest differences in the asserted claims and class definition will be easily reconciled by the lead plaintiff upon the filing of a consolidated complaint.

### 1.    This Motion Is Timely

The statutory notice of the *Kim* action was published on *Business Wire* on October 31, 2025, advising class members of the pendency of the action, the factual predicate of the complaint, the relevant period asserted therein, and the right to move the Court to be appointed as lead plaintiff no later than 60 days from the date of the notice (December 30, 2025).  *See* Albert Decl., Ex. A. Because this Motion is being filed on December 30, it is timely and the Pension Funds are entitled to be considered for appointment as lead plaintiff.

### 2.    The Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class

As evidenced by their PSLRA Certifications and loss chart, the Pension Funds suffered more than $561,984 in losses as a result of defendants' alleged misconduct.  *See* Albert Decl., Exs. B-C. Therefore, the Pension Funds have a substantial financial interest in the relief sought by the class.

### 3.    The Pension Funds Are Typical and Adequate of the Putative Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At the lead plaintiff stage, courts primarily focus on the typicality and adequacy requirements of Rule 23.  *See Sundaram v. Iovance Biotherapeutics, Inc.*, 2025 WL 3637616, at *2 (N.D. Cal. Dec. 15, 2025) (Lee, J.) (evaluating typicality and adequacy).

The test of typicality under Rule 23(a)(3) is "'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'"  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).  Rule 23 further requires that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  The adequacy determination requires the court to address two questions: (1) "'do the named plaintiffs and their counsel have any conflicts of interest with other class members'?"; and (2) "'will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the

class?'" *In re eHealth, Inc. Sec. Litig.*, 2022 WL 17038164, at *2 (N.D. Cal. Nov. 9, 2022) (quoting *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000)).

The Pension Funds are typical of the class they seek to represent because, like all class members, they: (1) purchased Synopsys securities; (2) were adversely affected by the alleged wrongdoing; and (3) suffered harm when defendants' alleged misconduct was revealed. *See* Albert Decl., Exs. B-C. In other words, the Pension Funds' claims arise from "the same allegations across the putative class" and are based on the same legal theory as the claims of other class members. The Pension Funds have "made a prima facie showing that [they] satisf[y] Rule 23's typicality and adequacy requirements." *Sundaram*, 2025 WL 3637616, at *3.

As to adequacy, the Pension Funds have a substantial stake in the outcome of the case, providing the requisite incentive to vigorously represent the class's claims. The Pension Funds' interests are aligned with the interests of the putative class and there is no evidence of any antagonism between the Pension Funds' interests and the class's interests. They have also amply demonstrated their adequacy by submitting a Joint Declaration affirming the Pension Funds' ability, willingness, and plan to jointly prosecute this case on behalf of the putative class. *See* Albert Decl., Ex. D. For example, the Joint Declaration establishes that before deciding to move for lead plaintiff together, the Pension Funds conferred with one another regarding how they will jointly prosecute the case and exercise joint decision-making. *See id.*, ¶¶6-7. As a small group of experienced institutional investors, the Pension Funds are precisely the sort of lead plaintiff whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See generally In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) ("Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members."); *Shenwick v. Twitter, Inc.*, 2016 WL 10672428, at *2 (N.D. Cal. Dec. 22, 2016) ("Congress 'intended that the lead plaintiff provision would encourage institutional investors to take a more active role in securities class action lawsuits'") (citation omitted). And, as

NOTICE OF MOTION & MOTION FOR CONSOL. OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF & APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMO OF LAW IN SUPPORT THEREOF - 5:25-cv-09410-EKL                    - 6 -
4913-4466-2917.v1

discussed below, the Pension Funds have selected qualified counsel experienced in securities litigation.

Accordingly, the Pension Funds satisfy the Rule 23 inquiry.

**C.    The Court Should Approve the Pension Funds' Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35.  The Pension Funds have selected Robbins Geller as lead counsel in this case. [3]

Robbins Geller, a 200-attorney nationwide law firm with an office in this District, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country, including this District, have noted Robbins Geller's reputation for excellence and appointed Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  Over the last two years, lead plaintiffs represented by Robbins Geller as lead counsel have obtained final approval of securities class action settlements of more than $1 billion in this District.  *See In re Apple Inc. Sec. Litig.*, No. 4:19-cv-02033-YGR (N.D. Cal.)  ($490 million recovery on behalf of Apple investors); *In re Alphabet, Inc. Sec. Litig.*, No. 3:18-cv-06245-TLT (N.D. Cal.) ($350 million recovery on behalf of Alphabet investors); *In re Zoom Sec. Litig.*, No. 3:20-cv-02353-JD (N.D. Cal.) ($150 million recovery on behalf of Zoom investors);  *Lamartina v. VMware, Inc.,* No. 5:20-cv-02182-EJD (N.D. Cal.) ($102.5 million recovery on behalf of VMWare investors).  And, in late 2023, Judge Tigar granted final approval of the $809.5 million settlement achieved by Robbins Geller and co-counsel in a securities fraud case against Twitter Inc.  *In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST

---

[3]    For a detailed description of Robbins Geller's track record, resources, and other attorneys, please *see* https://www.rgrdlaw.com/.  An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

NOTICE OF MOTION & MOTION FOR CONSOL. OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF & APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMO OF LAW IN SUPPORT THEREOF - 5:25-cv-09410-EKL                                    - 7 -
4913-4466-2917.v1

(N.D. Cal.).  The settlement in *Twitter* is the largest securities fraud class action recovery in more than a decade in the Ninth Circuit and the second-largest ever in this Circuit.

Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[4]

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Court can be assured that by granting this Motion, the class will receive the highest caliber of legal representation.  Accordingly, the Pension Funds' selection of lead counsel is reasonable and should be approved.

## V.   CONCLUSION

The Related Actions should be consolidated because they are substantially similar and have overlapping questions of law and fact.  In addition, the Pension Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Pension Funds respectfully request that the Court consolidate the Related Actions, appoint them as Lead Plaintiff, and approve their selection of Lead Counsel.

DATED:  December 30, 2025                      Respectfully submitted,

<u>  s/ Michael Albert  </u>
MICHAEL ALBERT

---

[4]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

NOTICE OF MOTION & MOTION FOR CONSOL. OF RELATED ACTIONS, APPOINTMENT AS
LEAD PLAINTIFF & APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL;
MEMO OF LAW IN SUPPORT THEREOF - 5:25-cv-09410-EKL                              - 8 -
4913-4466-2917.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
swilliams@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

ASHERKELLY
MICHAEL J. ASHER
JACQUELINE A. KELLY
25800 Northwestern Highway, Suite 1100
Southfield, MI  48075
Telephone:  248/746-2710
masher@asherkellylaw.com
jkelly@asherkellylaw.com

WATKINS, PAWLICK, CALATI
  & PRIFTI, PC
JOSEPH PAWLICK
EDMOND PRIFTI
1423 E. Twelve Mile Road
Madison Heights, MI  48071
Telephone:  248/658-0797
jpawlick@wpcplaw.com
eprifti@wpcplaw.com

Additional Counsel

NOTICE OF MOTION & MOTION FOR CONSOL. OF RELATED ACTIONS, APPOINTMENT AS
LEAD PLAINTIFF & APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL;
MEMO OF LAW IN SUPPORT THEREOF - 5:25-cv-09410-EKL                                    - 9 -
4913-4466-2917.v1