Robert V. Prongay (SBN 270796)
  rprongay@glancylaw.com
Charles H. Linehan (SBN 307439)
  clinehan@glancylaw.com
Pavithra Rajesh (SBN 323055)
  prajesh@glancylaw.com
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Ron Hirji and*
*Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYUNGJOON KIM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNOPSYS, INC., SASSINE GHAZI, and SHELAGH GLASER,<br><br>Defendants. | Case No. 5:25-cv-09410-EKL<br><br>**NOTICE OF MOTION AND MOTION OF RON HIRJI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: April 29, 2026<br>Time: 10:00 a.m.<br>Crtrm.: 7 – 4th Floor<br>Judge: Eumi K. Lee |

NOTICE OF MOTION AND MOTION OF RON HIRJI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 5:25-cv-09410-EKL

## NOTICE OF MOTION AND MOTION

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 29, 2026 at 10:00 a.m., or as soon thereafter as the matter can be heard in the courtroom of the Honorable Eumi K. Lee, in Courtroom 7, 4th Floor, 280 South 1st Street, San Jose, CA 95113, Ron Hirji ("Hirji") will move this Court for entry of an Order: (i) appointing Hirji as Lead Plaintiff; (ii) approving Hirji's selection of Glancy Prongay & Murray LLP as Lead Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.

This motion is brought pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and the Federal Rules of Civil Procedure. In support of this Motion, Hirji submits a Memorandum of Points and Authorities in support thereof and the Declaration of Charles H. Linehan and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

This motion is made on the grounds that Hirji is the most adequate plaintiff, as defined by the PSLRA, based on his significant losses suffered as a result of the Defendants' wrongful conduct as alleged in the above-referenced actions. Further, Hirji satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he will fairly and adequately represent the interests of the class.

## STATEMENT OF THE ISSUES TO BE DECIDED

1.      Whether the Court should appoint Ron Hirji as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

2.      Whether the Court should approve Lead Plaintiff's selection of Glancy Prongay & Murray LLP as Lead Counsel for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## MEMORANDUM OF POINTS AND AUTHORITIES

Ron Hirji ("Hirji") respectfully submits this memorandum of law in support of his motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned actions; (2) appointing Hirji as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Hirji's selection of Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.      PRELIMINARY STATEMENT

This is a class action on behalf of investors that purchased or otherwise acquired Synopsys, Inc. ("Synopsys" or the "Company") securities between December 4, 2024 and September 9, 2025, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff" as lead plaintiff—*i.e.*—the plaintiff most capable of adequately representing the interests of class members. The PSLRA also provides a presumption that the most adequate plaintiff is the person with the largest financial interest in the relief sought by the class who otherwise satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure.

Hirji has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Hirji satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Hirji

respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Hirji's selection of GPM as lead counsel for the class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Synopsys provides electronic design automation software products used to design and test integrated circuits. It operates in two segments, Design Automation and Design IP. The Design IP segment provides pre-designed, silicon-proven components that semiconductor companies use to build chips and System-on-Chips (SoCs) more quickly and cost-effectively. The Design IP segment includes a wide range of products and services, including Interface IP, which provides pre-designed modules for a variety of widely used protocols. The Company's Design IP segment has been the fastest-growing part of Synopsys, growing from 25% of the Company's revenue in fiscal year 2022, to 31% in fiscal year 2024.

The complaint filed in this action allege that throughout the Class Period, Defendants made false and/or misleading statements and failed to disclose material adverse facts about Synopsys's business. Specifically, Defendants failed to disclose to investors: (1) the extent to which the Company's increased focus on artificial intelligence customers, which require additional customization, was deteriorating the economics of its Design IP business; (2) that, as a result, "certain road map and resource decisions" were unlikely to "yield their intended results;" (3) that the foregoing had a material negative impact on financial results; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On September 9, 2025, after market hours, Synopsys released its third quarter 2025 financial results, revealing the Company's "IP business underperformed expectations." The Company reported quarterly revenue of $1.740 billion, missing its prior guidance of between $1.755 billion and $1.785 billion, and reported net income of $242.5 million, a 43% year-over-year decline from $425.9 million reported for third quarter 2024. Moreover, the Company reported its Design IP

NOTICE OF MOTION AND MOTION OF RON HIRJI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 5:25-cv-09410-EKL                                                                                              3

segment accounted for approximately 25% of revenue and came in at $426.6 million, a 7.7% decline year-over-year. Finally, management provided guidance which implied that Design IP revenues will decline by at least 5% on a full-year basis in fiscal 2025.

On this news, Synopsys's stock price fell $216.59, or 35.8%, to close at $387.78 per share on September 10, 2025, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Hirji and other class members have suffered significant losses and damages.

## III.   ARGUMENT

### A.   Hirji Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Hirji has complied with all the PSLRA's requirements and satisfies all the PSLRA criteria to be appointed lead plaintiff. Hirji, to the best of his knowledge, has the largest

financial interest in this litigation, satisfies the relevant requirements of Federal Rule of Civil Procedure 23 and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Hirji respectfully submits that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, it becomes the presumptively most adequate plaintiff").

### 1. Hirji Filed A Timely Motion

Hirji has made a timely motion in response to the PSLRA notice. On October 31, 2025, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Declaration of Charles H. Linehan ("Linehan Decl."), Ex. A. Therefore, Hirji had sixty days (*i.e.*, until December 30, 2025) to file a motion to be appointed as lead plaintiff. As a purchaser of Synopsys securities during the Class Period, Hirji is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Hirji attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Linehan Decl., Ex. B. Accordingly, Hirji satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Hirji Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Hirji believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Hirji purchased Synopsys securities during the Class Period at prices impacted by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $236,687.18. *See* Linehan Decl., Ex. C. To the best of his knowledge, Hirji is not aware of any other

class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial interest. As such, Hirji believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiffs for the class.

**3.  Hirji Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See Hessefort v. Super Micro Computer, Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730).

**a)  Hirji's Claims Are Typical**

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical if "other members have the same or similar injury . . . the action is based on conduct

which is not unique to the named plaintiffs . . . and . . . other class members have been injured by the same course of conduct." *Super Micro*, 317 F. Supp. 3d at 1061.

Here, Hirji's claims are typical of the claims asserted by the proposed class. Like all members of the class, Hirji purchased Synopsys securities during the Class Period and suffered losses as a result of his transactions. Like all members of the class, Hirji alleges that Defendants violated federal securities laws by disseminating materially misleading statements concerning Synopsys's operations and financial prospects. Hirji's losses, like the losses suffered by all other members of the class, arise from the artificial inflation of Synopsys's stock price caused by Defendants' alleged misrepresentations and omissions. Accordingly, Hirji's interests and claims are typical of the interests and claims of the class.

### b) Hirji Is An Adequate Representative

A lead plaintiff movant is adequate so long as he and his counsel have no conflicts of interest with other class members and they will prosecute the action vigorously on behalf of the class. *See Super Micro*, 317 F. Supp. 3d at 1061.

Here, Hirji easily satisfies the adequacy requirements. Hirji's financial interest demonstrates that he has a sufficient incentive to ensure vigorous advocacy, and "no evidence exists to suggest that [Hirji is] antagonistic to other members of the class or his attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Hirji resides in Marina Del Rey, California. Hirji has been managing his own investments for approximately 35 years, and works in real estate development. Hirji has also retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D (the firm's résumé). In addition, Hirji is not aware of any conflict between his claims and those asserted on behalf of the class. As such, Hirji is adequate and should be appointed as lead plaintiff.

### B. The Court Should Approve Lead Plaintiff's Choice Of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Hirji has selected GPM as lead counsel for the class. As reflected by the firm's résumé, attached to the Linehan Declaration as

Exhibit D, the Court may be assured that, by granting Hirji's Motion, the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Hirji's selection of counsel.

## IV.    CONCLUSION

For the foregoing reasons, Hirji requests that the Court to grant his Motion and enter an Order: (i) appointing Hirji as Lead Plaintiff; (ii) approving Hirji's selection of GPM as Lead Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.

DATED:  December 30, 2025                    Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:    _/s/ Charles H. Linehan_
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

_Counsel for Lead Plaintiff Movant Ron Hirji and Proposed Lead Counsel for the Class_

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned, say:

I am not a party to the above case and am over eighteen years old. On December 30, 2025, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 30, 2025, at Los Angeles, California.

                                        */s/ Charles H. Linehan*
                                        Charles H. Linehan

---

NOTICE OF MOTION AND MOTION OF RON HIRJI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. 5:25-cv-09410-EKL