**HAGENS BERMAN SOBOL SHAPIRO LLP**
Lucas E. Gilmore (Bar No. 250893)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
lucasg@hbsslaw.com

*Proposed Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Francis P. McConville (*pro hac vice* forthcoming)
Connor C. Boehme (*pro hac vice* forthcoming)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
fmcconville@labaton.com
cboehme@labaton.com

*Counsel for Proposed Lead Plaintiff
and Proposed Lead Counsel for the Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| HYUNGJOON KIM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNOPSYS, INC., SASSINE GHAZI, and SHELAGH GLASER,<br><br>Defendants. | Case No. 5:25-cv-09410-EKL<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF THE PENSION FUNDS FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>**Date:** April 29, 2026<br>**Time:** 10:00 a.m.<br>**Courtroom:** 7 – 4th Floor<br>**Judge:** Eumi K. Lee |
| NEW ENGLAND TEAMSTERS PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNOPSYS, INC., SASSINE GHAZI, SHELAGH GLASER, SUDHINDRA KANKANWADI, AART J. DE GEUS, LUIS BORGEN, MARC N. CASPER, JANICE D. CHAFFIN, BRUCE R. CHIZEN, MERCEDES JOHNSON, ROBERT G. PAINTER, JEANNINE P. SARGENT, JOHN G. SCHWARZ, and ROY VALLEE,<br><br>Defendants. | Case No. 3:25-cv-10201-JD<br><br><br>**Date**: February 5, 2026<br>**Time**: 10:00 a.m.<br>**Courtroom**: 11 – 19th Floor<br>**Judge**: James Donato |

NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS AND AUTHORITIES
CASE NOS. 5:25-cv-09410-EKL, 3:25-cv-10201-JD; 3:25-cv-11059-JD

| CITY OF STERLING HEIGHTS POLICE & FIRE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>v.<br><br>SYNOPSYS, INC., SASSINE GHAZI, SHELAGH GLASER, SUDHINDRA KANKANWADI, AART J. DE GEUS, LUIS BORGEN, MARC N. CASPER, JANICE D. CHAFFIN, BRUCE R. CHIZEN, MERCEDES JOHNSON, ROBERT G. PAINTER, JEANNINE P. SARGENT, JOHN G. SCHWARZ, and ROY VALLEE,<br><br>                        Defendants. | Case No. 3:25-cv-11059-JD<br><br>**Date:** February 5th, 2026<br>**Time:** 10:00 a.m.<br>**Courtroom:** 11 – 19th Floor<br>**Judge:** James Donato |
| --- | --- |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................ii

NOTICE OF MOTION AND MOTION ............................................................................... 1

STATEMENT OF ISSUES ................................................................................................. 2

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 2

I.      PRELIMINARY STATEMENT ............................................................................... 2

II.     SUMMARY OF THE RELATED ACTIONS ......................................................... 4

III.    ARGUMENT ........................................................................................................... 5

        A.      The Related Actions Should Be Consolidated............................................ 5

        B.      The Pension Funds Are The "Most Adequate Plaintiff" ........................... 5

                1.      The PSLRA Standard for Appointing Lead Plaintiff................................ 5

                2.      The Pension Funds' Motion Is Timely ........................................... 6

                3.      The Pension Funds Have the Largest Financial Interest in
                        the Outcome of the Action........................................................ 7

                4.      The Pension Funds Satisfy Rule 23's Typicality and
                        Adequacy Requirements ......................................................... 7

                        (a)     The Pension Funds' Claims Are Typical of Those of the
                                Class............................................................................ 7

                        (b)     The Pension Funds Will Fairly and Adequately Protect the
                                Interests of the Class ..................................................... 8

                        (c)     The Pension Funds Are Precisely the Type of Lead Plaintiff
                                Envisioned by the PSLRA ........................................... 8

        C.      The Court Should Approve the Pension Funds' Choice of Counsel .................... 9

CONCLUSION................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Aqua Metals Sec. Litig.*,
  2018 WL 4860188 (N.D. Cal. May 23, 2018) ...........................................................................9

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ...........................................................................................5, 10

*In re Cohen v. U. S. Dist. Ct.*,
  586 F.3d 703 (9th Cir. 2009) ..................................................................................................10

*Das v. Unity Software Inc.*,
  2023 WL 1927739 (N.D. Cal. Feb. 10, 2023) ....................................................................7, 8

*GGCC, LLC v. Dynamic Ledger Sols., Inc.*,
  2018 WL 1388488 (N.D. Cal. Mar. 16, 2018)..........................................................................5

*In re Mersho*,
  6 F.4th 891 (9th Cir. 2021) ......................................................................................................8

**Rules & Statutes**

Fed. R. Civ. P. 23 ......................................................................................................... *passim*

Fed. R. Civ. P. 42 ..........................................................................................................2, 5, 10

15 U.S.C. §§77z-1, *et seq.* ......................................................................................................3

15 U.S.C. § 78u–4 *et seq.*.................................................................................................*Passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
  No. 04-cv-8141 (S.D.N.Y.)....................................................................................................10

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
  No. 08-md-1963 (S.D.N.Y.) ..................................................................................................10

*In re Mercury Interactive Corp. Sec. Litig.*,
  No. 05-cv-3395 (N.D. Cal.) ..................................................................................................10

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ...............................8

**NOTICE OF MOTION AND MOTION**

TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD

**PLEASE TAKE NOTICE** that Lead Plaintiff movant Boston Retirement System ("Boston") and New England Teamsters Pension Fund ("New England Teamsters") (and together with Boston, the "Pension Funds") by and through their counsel, hereby move this Court in Courtroom 7 – 4th Floor of the Honorable Eumi K. Lee at the United States District Court, Northern District of California, San Jose Courthouse, 280 South 1ˢᵗ Street, San Jose, California 95113, on April 29, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard, for the entry of an Order: (i) consolidating the above-captioned related (the "Actions") (ii) appointing the Pension Funds as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq*.; (iii) approving the Pension Funds' selection of Labaton Keller Sucharow LLP ("Labaton") as Lead Counsel for the Class and Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Liaison Counsel for the Class (the "Motion"); and (iv) granting such other and further relief as the Court may deem just and proper. Because the PSLRA permits any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" to file a motion for appointment as lead plaintiff, 15 U.S.C. §78u–4(a)(3)(B)(i), the Pension Funds cannot ascertain whether any other parties will also seek appointment as Lead Plaintiff until after the December 30, 2025 deadline. Accordingly, the Pension Funds' counsel respectfully requests that compliance with this Court's meet and confer requirements be waived in this limited instance.

This Motion is made on the grounds that the Pension Funds believe they are the "most adequate plaintiff" under the PSLRA and are therefore entitled to be appointed Lead Plaintiff. Specifically, the Pension Funds believe they have the "largest financial interest" in the relief sought by the Class in the Actions by virtue of, among other things, the approximately *$525,945* in losses as calculated under a last-in, first-out ("LIFO") basis, that they incurred on its investments in the securities of Synopsys, Inc. ("Synopsys" or the "Company). The Pension Funds also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") because their claims are typical of other Class members' claims and because they will fairly and adequately represent

the interests of the Class.  Moreover, the Pension Funds are a paradigmatic Lead Plaintiff under the PSLRA because they are sophisticated institutional investors with a substantial financial stake in the litigation and prior experience successfully serving as a court-appointed PSLRA lead plaintiffs, which will ensure their effective monitoring and supervision of counsel.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Lucas E. Gilmore (the "Gilmore Decl.") filed herewith, the pleadings and other filings herein, and such other written or oral argument as may be permitted by the Court.

WHEREFORE, the Pension Funds respectfully request that the Court enter an Order: (i) consolidating the Actions pursuant to Rule 42 of the Federal Rules of Civil Procedure (ii) appointing the Pension Funds as Lead Plaintiff pursuant to the PSLRA; (iii) approving their selection of Labaton as Lead Counsel for the Class and Hagens Berman as Liaison Counsel for the Class; and (iv) granting any such further relief as the Court deems just and proper.

<u>**STATEMENT OF ISSUES**</u>

1. Whether the Court should appoint the Pension Funds as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(i); and

2. Whether the Court should approve the Pension Funds' selection of Labaton as Lead Counsel for the Class and Hagens Berman as Liaison Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    PRELIMINARY STATEMENT**

Presently pending before the Court are the above-captioned actions brought on behalf of (a) all persons or entities that purchased or otherwise acquired Synopsys securities between December 4, 2024, and September 9, 2025, inclusive (the "Class Period"), and (b) all persons who purchased or otherwise acquired Synopsys common stock in exchange for their shares of Ansys, Inc. ("Ansys") common stock (collectively, the "Class").  The Actions, which have been brought against Synopsys and certain of the Company's current and/or former senior executives and members of its Board of Directors (collectively, "Defendants"), allege violations of Sections 10(b)

and 20(a) of the Exchange Act (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), the Securities Act of 1933, 15 U.S.C. §§77z-1, *et seq*. (the "Securities Act") and SEC Rule 10b-5 promulgated thereunder.  The modifications to the Securities Act and the Exchange Act under the PSLRA are identical with regard to appointing a lead plaintiff, and therefore, for ease of reference, only the Exchange Act is cited throughout.

The PSLRA provides that the "most adequate plaintiff" is to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  Under the PSLRA, the most adequate plaintiff is the "person or group of persons" that has the "largest financial interest" in the relief sought by the Class in this litigation and that also makes a *prima facie* showing that it is a typical and adequate Class representative under Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, the Pension Funds are the "most adequate plaintiff" by virtue of, among other things, their approximately *$525,945* in losses, as calculated under a LIFO basis, due to transactions in Synopsys securities during the Class Period, including substantial losses on its transactions pursuant and/or traceable to Synopsys' acquisition of Ansys, Inc.  A Copy of the PSLRA-required Certifications of the Pension Funds is attached as Exhibit A to the accompanying Gilmore Decl., which set forth all transactions for the Pension Funds in Synopsys securities during the relevant period.  In addition, a chart reflecting the calculation of the Pension Funds' loss as a result of their transactions in Synopsys securities is attached as Exhibit B to the Gilmore Decl.  *See* Gilmore Decl., Exs. A & B.  Considering this significant loss, the Pension Funds have a substantial financial interest in the relief sought by this litigation.

In addition to asserting the largest financial interest, the Pension Funds readily satisfy the relevant requirements of Rule 23 because their claims are typical of those of all members of the Class and they will fairly and adequately represent the interests of the Class.  The Pension Funds are a paradigmatic Lead Plaintiff under the PSLRA because they are sophisticated institutional investors with a substantial financial interest in the litigation and have experience supervising the work of outside counsel in complex litigation.  Accordingly, the Pension Funds have both the incentive and ability to supervise and monitor counsel.  The Pension Funds have also demonstrated their adequacy through the selection of Labaton as proposed Lead Counsel on behalf of the Class.

Labaton is a nationally recognized securities class action firm that has recovered billions of dollars for the benefit of injured investors and has the expertise and resources necessary to handle litigation of this complexity and scale.  Based on the Pension Funds' significant financial interest in the outcome of this Action, and their ability to oversee this litigation, the Pension Funds respectfully request that the Court appoint them Lead Plaintiff and otherwise grant their Motion.

## II.       SUMMARY OF THE RELATED ACTIONS

Synopsys is a Mountain View, California-based technology company that provides software, intellectual property, and services used to design and verify advanced semiconductor chips.  The Company's products include electronic design automation ("EDA") tools, pre-designed semiconductor components known as Design IP, and software security and quality testing solutions.  On January 16, 2024, the Company announced that Synopsys had entered into an agreement to acquire Ansys, Inc. (the "Acquisition").  On March 14, 2024, Synopsys filed with the SEC a registration statement for the Acquisition on Form S-4 (the "Registration Statement"). On April 17, 2024, Synopsys filed with the SEC a prospectus and proxy statement for the Acquisition on Form 424B3 (the "Prospectus" and together with the Registration Statement, the "Acquisition Materials").  The Acquisition Materials stated that Ansys shareholders would receive $197.00 in cash and 0.345 shares of Synopsys common stock in exchange for each share of Ansys they held at the time of the merger.  Throughout the Class Period, Defendants misled investors by failing to disclose the following adverse facts: (1) the Company's growing emphasis on artificial intelligence customers, who require more customization, was weakening the economics of its Design IP business; (2) as a result, certain of the Company's road map and resource choices were unlikely to achieve their intended outcomes; (3) these issues were materially harming the Company's financial performance; and (4) as a result of the foregoing, Defendants' statements about the Company's business, operations, and prospects that were made during the Class Period and contained in the Acquisition Materials were materially misleading.

On September 9, 2025, investors learned the truth about the negative impact of Synopsys' operational challenges within its Design IP business, when Synopsys reported poor financial results and revealed that the Company's "IP business underperformed expectations."  On this

news, Synopsys' stock price fell by 35.8 percent, dropping from $604.37 to $387.78 per share on September 10, 2025.  As a result of Defendants' wrongful acts and omissions, and the significant decline in the market value of the Company's securities, the Pension Funds and the Class have suffered significant damages.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA requires the Court to consolidate the Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions.  Fed. R. Civ. P. 42(a).  "In applying this standard, courts have found that '[c]onsolidation of private securities fraud class actions arising from the same alleged misconduct is generally appropriate.'"  *GGCC, LLC v. Dynamic Ledger Sols., Inc.*, 2018 WL 1388488, at *2 (N.D. Cal. Mar. 16, 2018) (citation omitted).  Consolidation of the Actions is proper where, as here, they involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication.  Each of the Actions has been filed in this District alleging similar facts and legal theories.  Accordingly, the Actions should be consolidated for all purposes.

### B.    The Pension Funds Are The "Most Adequate Plaintiff"

The Pension Funds respectfully submit that they should be appointed Lead Plaintiff because they are the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant that has the "largest financial interest" in the relief sought by the Class and satisfies the relevant requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002).  As set forth below, the Pension Funds believe they are the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

#### 1.    The PSLRA Standard for Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action

pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B). First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class --
>
> (I)    of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II)    that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i). Next, under the PSLRA, a court is to consider any motion made by class members and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In adjudicating a lead plaintiff motion, a court shall adopt a presumption that the "most adequate plaintiff" is the person who: (i) filed a complaint or made a motion to serve as lead plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption "'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff [ ] will not fairly and adequately protect the interests of the class'" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### 2.    The Pension Funds' Motion Is Timely

The Pension Funds filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u–4(a)(3)(A)(i), on October 31, 2025, counsel for the plaintiff in the first-filed action caused notice regarding the pending nature of this case to be published on *BusinessWire*, a widely circulated, national, business-oriented news reporting service. *See* Notice, Gilmore Decl. Ex. C. Thus, as permitted by the PSLRA, any person or group of persons may apply to be appointed Lead Plaintiff within 60 days after publication of the notice, i.e., on or before December 30, 2025. The notice published by plaintiff in the subsequently filed action confirms this deadline.

*Id*. The Pension Funds filed their motion within the required period and have thus satisfied the procedural requirements of the PSLRA.

### 3. The Pension Funds Have the Largest Financial Interest in the Outcome of the Action

The Pension Funds should be appointed Lead Plaintiff because they have the "largest financial interest in the relief sought by the Class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As demonstrated herein, the Pension Funds suffered LIFO losses of approximately ***$525,945*** on their relevant transactions in Synopsys securities during the Class Period. *See* Gilmore Decl., Exs. A & B. To the best of the Pension Funds' knowledge, there is no other applicant seeking Lead Plaintiff appointment asserting a larger financial interest in the litigation. Accordingly, the Pension Funds have the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff." 15 U.S.C. § 78u4(a)(3)(B)(iii)(I).

### 4. The Pension Funds Satisfy Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the Pension Funds satisfy the applicable requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). On a motion to serve as Lead Plaintiff, a movant "need only make a prima facie showing of its typicality and adequacy." *Das v. Unity Software Inc.*, 2023 WL 1927739, at *2 (N.D. Cal. Feb. 10, 2023) (citation omitted). Here, the Pension Funds unquestionably satisfy the typicality and adequacy requirements.

#### (a) The Pension Funds' Claims Are Typical of Those of the Class

The typicality requirement is satisfied when the putative lead plaintiff has suffered the same injuries as absent class members as a result of the same conduct by the defendants.'" *Unity Software Inc.*, 2023 WL 1927739, at *2 (citation omitted). Here, the claims that the Pension Funds assert are typical of the claims of the other members of the putative Class because, like all other Class members, the Pension Funds: (i) purchased or otherwise acquired Synopsys securities during the Class Period; (ii) at prices allegedly artificially inflated by Defendants' materially false and

---

misleading statements and/or omissions; and (iii) suffered damages as a result. Thus, the Pension Funds satisfy the typicality requirement of Rule 23.

### (b) The Pension Funds Will Fairly and Adequately Protect the Interests of the Class

The Pension Funds will fairly and adequately represent the interests of the proposed Class. Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). The thrust of the adequacy inquiry is: "'(1) whether there are conflicts within the class; and (2) whether plaintiff and counsel will vigorously fulfill their duties to the class.'" *Unity Software Inc.*, 2023 WL 1927739, at *2 (citation omitted). Here, no antagonism exists between the Pension Funds' interests and those of the absent Class members; rather, the interests of the Pension Funds and Class members are squarely aligned. In addition, the Pension Funds have demonstrated their adequacy through their selection of Labaton as Lead Counsel to represent the Class in this Action. Accordingly, the Pension Funds satisfy the adequacy requirement.

### (c) The Pension Funds Are Precisely the Type of Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the requirements of Rule 23, the Pension Funds—sophisticated institutional investors—are precisely the type of investor Congress intended, through the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. See H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). It is no surprise, therefore, that courts within the Ninth Circuit have repeatedly recognized the propriety of appointing cohesive groups of institutional investors that demonstrate an ability to represent the Class' interests. *See e.g. Unity Software Inc.*, 2023 WL 1927739, at *1 (appointing as lead plaintiff a group of institutional investors); *see also In re Mersho*, 6 F.4th 891, 903 n.4 (9th Cir. 2021) ("[It] is clear from the statutory language" that "group[s] can serve as a lead plaintiff[.]").

The Pension Funds understand the duties and responsibilities with which a Lead Plaintiff is charged under the PSLRA, including to oversee and supervise the litigation separate and apart from counsel.  The Pension Funds have submitted sworn Certifications attesting to their willingness and ability to fulfill those duties and responsibilities in this case.  See Gilmore Decl., Ex. A.  The Pension Funds have already taken measures to ensure the claims are vigorously and effectively prosecuted in the best interests of the Class.  For example, New England Teamsters directed Labaton to file the action against Synopsys and certain of its executives.  *See* Gilmore Decl., Ex. D ¶ 6.  Additionally, as part of their effort to formalize their oversight of the Actions and before seeking appointment as Lead Plaintiff, representatives of the Pension Funds held a conference call on December 29, 2025 in which they discussed the strength of the claims against Defendants, their strategy for prosecuting the action, the benefits the Class will receive from the leadership of experienced institutional investors, and the measures the funds have implemented to ensure that the Class' claims will be zealously and efficiently litigated. *See id.* ¶ 9.  The Pension Funds have also established procedures for overseeing the progress of the litigation.  *See id.* ¶ 11.

In sum, the Pension Funds have demonstrated their willingness, resources, experience, and commitment to working closely with one another to supervise their proposed Lead Counsel and obtain the best possible recovery for the Class.  The Pension Funds are precisely the type of institutional investors that Congress sought to empower as Lead Plaintiff when enacting the PSLRA.  See, e.g., *In re Aqua Metals Sec. Litig.*, 2018 WL 4860188, at *4 (N.D. Cal. May 23, 2018) (appointing a group of investors that demonstrated they are "fully capable of representing the class's interests effectively").

## C.    The Court Should Approve the Pension Funds' Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests

of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cohen v. U. S. Dist. Ct.*, 586 F.3d 703, 712 (9th Cir. 2009); *see also Cavanaugh*, 306 F.3d at 734. The Pension Funds have selected Labaton, highly-qualified counsel, to serve as Lead Counsel for the proposed Class. Labaton has significant experience in prosecuting securities class actions and has excelled as lead counsel in numerous landmark securities class actions throughout the United States on behalf of defrauded investors. Labaton served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which it served as co-lead counsel, and secured a $117.5 million settlement in *In re Mercury Interactive Corp. Securities Litigation*, No. 05-cv-3395 (N.D. Cal.). Labaton presently serves as lead and co-lead counsel in several significant investor class actions. *See* Labaton Firm Resume, Gilmore Decl., Ex. E. Similarly, Hagens Berman is well qualified to represent the Class as Liaison Counsel. Hagens Berman maintains an office in Berkeley, California, and is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases. *See* Gilmore Decl., Ex. F. Thus, the Court may be assured that by granting this motion and approving the Pension Funds' selection of counsel, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, the Pension Funds respectfully request that this Court enter an Order: (1) consolidating the above-captioned actions pursuant to Rule 42 of the Federal Rules of Civil Procedure; (2) appointing the Pension Funds as Lead Plaintiff; (3) approving the Pension Funds' selection of Labaton as Lead Counsel for the Class and Hagens Berman as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

DATED: December 30, 2025                     Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Lucas E. Gilmore*
Lucas E. Gilmore (Bar No. 250893)
715 Hearst Avenue, Suite 300

Berkeley, CA 94710
Tel: (510) 725-3000
Fax: (510) 725-3001
lucasg@hbsslaw.com

*Proposed Liaison Counsel for the Class*

**LABATON KELLER SUCHAROW LLP**
Francis P. McConville (*pro hac vice* forthcoming)
Connor C. Boehme (*pro hac vice* forthcoming)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
fmcconville@labaton.com
cboehme@labaton.com

*Counsel for Proposed Lead Plaintiff*
*and Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 30, 2025 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ *Lucas E. Gilmore*
Lucas E. Gilmore