# Exhibit D

**JOINT DECLARATION IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

We, the undersigned, pursuant to 28 U.S.C. §1746, declare as follows:

1. We respectfully submit this Joint Declaration in support of the motion of New England Teamsters Pension Fund ("New England Teamsters") and Boston Retirement System ("Boston" and collectively the "Pension Funds") in support of their motion for consolidation, appointment as Lead Plaintiff in the securities class action (the "Action") against Synopsys, Inc. ("Synopsys or the "Company") and certain of its senior executives (collectively, "Defendants"), pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and for approval of our selection of Labaton Keller Sucharow LLP ("Labaton") as Lead Counsel. We each have personal knowledge about the information in this Joint Declaration relating to the institution with which we are individually associated.

2. I, Natacha Thomas, am the General Counsel of Boston and am authorized to make this declaration on its behalf. Boston is a governmental defined benefit plan. Boston manages its assets for the benefit of its members and beneficiaries. As reflected in its certification, Boston purchased Synopsys securities during the Class Period at issue in this litigation and suffered a substantial loss as a result of the alleged violations of the federal securities laws in this action.

3. Boston is a sophisticated institutional investor with extensive experience supervising counsel and acting as a fiduciary. Boston understands and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA, including to oversee and supervise the litigation separate and apart from counsel. Boston's familiarity with the PSLRA is informed by, among other things, its experience successfully serving as lead plaintiff in other securities class actions. Indeed, Boston has achieved significant recoveries for investors when serving as a lead plaintiff or class representative in several other securities class actions, including

- 1 -

in cases in which it worked together with other institutional investors. *See e.g., Allison v. Oak Street Health, Inc.*, No. 22-cv-00149 (N.D. Ill.) (resulting in a favorable $60 million settlement for investors with Labaton as co-lead counsel); *Boston Ret. Sys. v. Uber Techs.*, No. 19-cv-06361 (N.D. Cal.) (resulting in a favorable $200 million settlement for investors with Labaton as lead counsel).

4.      I, Daniel J. Greene, am the Executive Director of New England Teamsters and am authorized to make this declaration on New England Teamsters' behalf. Based in Burlington, Massachusetts, New England Teamsters provides pension and other benefits for union members. New England Teamsters manages approximately $2 billion in assets for nearly 72,000 active and retired members and beneficiaries. As reflected in its certification, New England Teamsters purchased a significant amount of Synopsys securities during the Class Period and suffered substantial losses as a result of the violations of the federal securities laws alleged in this action.

5.      New England Teamsters is an institutional investor with significant experience supervising counsel and acting as a fiduciary. New England Teamsters understands and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA. New England Teamsters' familiarity with the PSLRA is informed by, among other things, its experience serving as lead plaintiff in other securities class actions, including in cases in which it worked together with other institutional investors. New England Teamsters is currently serving as lead plaintiff in *Khan v. Lockheed Martin Corp.*, No. 25-cv-06197 (S.D.N.Y.) alongside another institutional investor.

6.      New England Teamsters has already taken steps to protect class members' rights in this action by, among other things, investigating investors' claims and directing its counsel, Labaton, on November 25, 2025, to file a complaint asserting securities fraud claims against Synopsys and certain of its executives. In addition to these fraud claims, New England Teamsters'

complaint brings unique, previously unalleged claims under the Securities Act of 1933. As required by the PSLRA, counsel to New England Teamsters published notice of the pendency of this action to inform other investors of the lead plaintiff deadline and their right to seek appointments as Lead Plaintiff.

7. Following the filing of the complaint, Labaton notified Boston of its loss in connection with the allegations and informed it of the firm's ongoing investigation into the matter. Thereafter, Labaton continued to provide the Pension Funds with updates regarding the investigation into the allegations against Defendants

8. After reviewing the findings of counsel's investigation, the Pension Funds decided to move for appointment as Lead Plaintiff in the Action. Our decision to seek appointment as Lead Plaintiff together was informed by a variety of factors, including the fact that we are each like-minded sophisticated institutional investors. Our choice is also informed by our considerable experience serving as lead plaintiff alongside other institutions. Based on the Pension Funds' prior experience successfully serving as part of lead plaintiff groups, the Pension Funds have seen firsthand how such partnerships can benefit the leadership of securities class actions by allowing institutions to work collaboratively to oversee the prosecution of an action, share resources, and provide input on case strategy and prosecution. The Pension Funds intend to prosecute this action in a similarly collaborative manner.

9. In order to formalize our joint leadership of this Action, on December 29, 2025, we convened a joint conference call, during which we discussed a number of matters, including: the allegations in the complaint; our counsel's proprietary investigative efforts into the alleged misconduct; the PSLRA's lead plaintiff appointment process and our obligations in connection therewith; the benefits of working together to jointly prosecute the litigation in a collaborative and cohesive manner; the advantages of having Labaton, experienced and well-regarded counsel, serve

as Lead Counsel; and procedures and mechanisms for communication and decision-making that will ensure that the proposed class will benefit from our supervision of counsel. We discussed our shared views that the prosecution of this case should be entrusted to parties that are sophisticated, that have substantial resources, and that have a significant financial interest in the claims asserted to ensure that this Action is litigated as zealously and efficiently as possible.

10. We understand that the PSLRA and courts throughout the country have endorsed the appointment of small groups of institutional investors to serve as lead plaintiff when the group is able to establish that its members are able to oversee the litigation and their proposed lead counsel in an independent manner. We intend to prosecute this litigation in such an independent and vigorous manner.

11. Moreover, the Pension Funds are highly motivated to recover our respective substantial losses and intend to share our perspectives, experiences, and resources to direct this litigation. To this end, we have discussed with each other the importance of joint decision-making, open communication, and the ability to confer, with or without counsel, via telephone and email on short notice to ensure that we are able to make timely decisions. Among other things, we have each designated dedicated and experienced personnel who will oversee this matter and are available to confer via telephone and email to ensure that the Pension Funds are able to make timely decisions. We have also instructed Labaton to provide us with regular updates on the progress of its investigation and the litigation.

12. We are aware that Labaton is a highly accomplished, well-regarded law firm with a history of achieving impressive settlements and corporate governance reforms in securities class actions. We fully believe that counsel will prosecute this litigation in a zealous and efficient manner as Lead Counsel under our supervision, to the benefit of the Class. That belief is based, in part, on Labaton's track record of obtaining significant recoveries for plaintiffs in securities

- 4 -

class actions like this case. We have been advised that counsel has made progress in investigating the relevant claims, including identifying potential witnesses with relevant evidence that may be included in an amended complaint, and we have been apprised of the progress of counsel's investigation via phone calls, emails, and reports. We have instructed counsel to continue this investigation of the Class' claims and keep each of us abreast of the ongoing investigation.

13.     We understand that it is the lead plaintiff's obligation under the PSLRA to select qualified lead counsel and to supervise lead counsel's prosecution of this case to ensure that the Action is prosecuted without unreasonable expense or cost. We have instructed counsel that this Action should be prosecuted efficiently and in a cost-effective manner and are confident that our counsel understands our mandate. Furthermore, we have negotiated retainer agreements with counsel that provide for a reasonable fee request to the Court for approval if the Action is successful.

14.     We are committed to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with and overseeing counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations and hearings as necessary, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, we will ensure and hereby reaffirm that the Action will be vigorously prosecuted consistent with the PSLRA's lead plaintiff obligations and in the best interests of the class.

**[REMAINDER OF PAGE INTENTIONALLY BLANK]**

- 5 -

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

DATED: _12/29/25_

_____
Natacha Thomas
General Counsel
Boston Retirement System

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

DATED: 12/29/25

Daniel J. Greene
Executive Director
New England Teamsters