DiCELLO LEVITT LLP
HENRY ROSEN (Bar No. 156963)
BRIAN O. O'MARA (Bar No. 229737)
RUBEN PEÑA (Bar No. 328106)
4747 Executive Dr., Suite 240
San Diego, CA  92121
Tel. (619) 923-3939
hrosen@dicellolevitt.com
briano@dicellolevitt.com
rpena@dicellolevitt.com

*Counsel for Proposed Lead Plaintiff*
*and Proposed Lead Counsel for the Class*

[Additional counsel appears on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HYUNGJOON KIM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNOPSYS, INC., SASSINE GHAZI, and SHELAGH GLASER,<br><br>Defendants. | Case No. 5:25-cv-09410-EKL<br><br>NOTICE OF MOTION AND DIMITRIOS TSELEPIDAKIS'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE:  April 29, 2026<br>TIME:   10:00 a.m.<br>CTRM:  7, 4th Floor<br>JUDGE: Hon. Eumi K. Lee |
| NEW ENGLAND TEAMSTERS PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNOPSYS, INC., SASSINE GHAZI, SHELAGH GLASER, SUDHINDRA KANKANWADI, AART J. DE GEUS, LUIS BORGEN, MARC N. CASPER, JANICE D. CHAFFIN, BRUCE R. CHIZEN, MERCEDES JOHNSON, ROBERT G. PAINTER, JEANNINE P. SARGENT, JOHN G. SCHWARZ, and ROY VALLEE,<br><br>Defendants. | Case No. 3:25-cv-10201-JD |

Notice of Motion and Dimitrios Tselepidakis's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel; Memorandum of Law in Support Thereof – Case No. 5:25-cv-09410-EKL

**TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that on Wednesday, April 29, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Eumi K. Lee, class member Dimitrios Tselepidakis will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), §77z-1(a)(3)(B) for an order (i) consolidating the above-captioned related securities class actions ("Related Actions"); (ii) appointing Mr. Tselepidakis as Lead Plaintiff; and (iii) approving his selection of DiCello Levitt LLP ("DiCello Levitt") as Lead Counsel.[1]

This Motion is made on the grounds that (i) consolidation pursuant to Rule 42(a) is proper because the Related Actions involve common questions of law and fact; and (ii) Mr. Tselepidakis is the most adequate plaintiff to serve as lead plaintiff in the action. In support of this Motion, Mr. Tselepidakis submits herewith a Memorandum of Points and Authorities and the Declaration of Brian O. O'Mara ("O'Mara Decl.").

---

[1] Because the PSLRA permits any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" to file a motion for appointment as lead plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i), §77z-1(a)(3)(B). Mr. Tselepidakis cannot ascertain whether any other parties will also seek appointment as lead plaintiff until after the deadline expires on December 30, 2025. Accordingly, Mr. Tselepidakis's counsel respectfully requests that compliance with the meet-and-confer requirements of Local Rule 7-3 be waived due to the fact that he cannot confer with unknown movants.

## Table of Contents

I.      INTRODUCTION ........................................................................................................1

II.     STATEMENT OF ISSUES TO BE DECIDED ....................................................2

III.    STATEMENT OF FACTS .................................................................................2

IV.     ARGUMENT ...........................................................................................................3

        A.      The Related Actions Should be Consolidated ..........................................3

        B.      Mr. Tselepidakis Is the "Most Adequate Plaintiff" and Should Be
                Appointed Lead Plaintiff......................................................................4

                1.      Mr. Tselepidakis's Motion Is Timely ........................................5

                2.      Mr. Tselepidakis Has a Substantial Financial Interest in the Relief
                        Sought by the Class....................................................................5

                3.      Mr. Tselepidakis Is Typical and Adequate of the Putative Class ...............5

                4.      The Court Should Approve Mr. Tselepidakis's Selection of
                        Counsel ................................................................................6

V.      CONCLUSION..........................................................................................................7

i

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Related Actions are brought on behalf of all persons who purchased or acquired Synopsys, Inc. ("Synopsys" or the "Company") securities between December 4, 2024 and September 9, 2025, inclusive (the "Class Period"), alleging violations of §10(b) and §20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against Synopsys and certain of its senior officers ("Defendants"). ECF 1 at ¶¶1, 12-14. The New England Teamsters Pension Fund action also brought claims for violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 on behalf of all persons who purchased or otherwise acquired Synopsys common stock in exchange for shares of Ansys, Inc. common stock pursuant to the registration statement and prospectus dated March 14, 2024 and April 17, 2024.[2] In securities cases like these, the PSLRA directs the Court, following consolidation of any related actions, to appoint as lead plaintiff the member or members "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

Here, Mr. Tselepidakis suffered significant losses, has standing to pursue the Securities Act claims because he acquired Synopsys common stock in exchange for Ansys, Inc. common stock in the acquisition, and otherwise satisfies Rule 23's typicality and adequacy requirements. Moreover, DiCello Levitt, Mr. Tselepidakis's chosen counsel, has substantial experience in prosecuting class actions and should be approved as Lead Counsel. As such, Mr. Tselepidakis respectfully submits that his motion should be granted.

---

[2] The lead plaintiff provisions under the Securities Act (15 U.S.C. §77z-1 et seq.) are identical to those under the Exchange Act (15 U.S.C. §78u-4 et seq.). For ease of reference, Movant cites to the Exchange Act throughout this memorandum.

1

Notice of Motion and Dimitrios Tselepidakis's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel – Case No. 5:25-cv-09410-EKL

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Related Actions should be consolidated pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.    Whether the Court should appoint Mr. Tselepidakis as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3.    Whether the Court should approve Mr. Tselepidakis's selection of DiCello Levitt as Lead Counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

## III.    STATEMENT OF FACTS

Synopsys provides electronic design automation software products used to design and test integrated circuits. It operates in two segments, Design Automation and Design IP. The Company's Design IP segment provides pre-designed, silicon-proven components that semiconductor companies use to build chips and System-on-Chips (SoCs) more quickly and cost-effectively. The Company's Design IP segment has been the fastest-growing part of Synopsys, growing from 25% of the Company's revenue in fiscal year 2022, to 31% in fiscal year 2024.

On January 16, 2024, the Company announced its agreement to acquire Ansys, Inc. for approximately $35 billion. The Company filed a Registration Statement and Prospectus, effective April 17, 2024.

Throughout the Class Period, and in the Registration Statement and Prospectus, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) the extent to which the Company's increased focus on artificial intelligence customers, which require additional customization, was deteriorating the economics of its Design IP business; (2) that, as a result, "certain road map and resource decisions" were unlikely to "yield their intended results;" (3) that the foregoing had a material negative impact on financial results; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

2

Notice of Motion and Dimitrios Tselepidakis's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel – Case No. 5:25-cv-09410-EKL

On September 9, 2025, after market hours, Synopsys released its third quarter 2025 financial results, revealing the Company's "IP business underperformed expectations," and reporting quarterly revenue of $1.740 billion, missing its prior guidance of between $1.755 billion and $1.785 billion, and reported net income of $242.5 million, a 43% year-over-year decline from $425.9 million reported for third quarter 2024. The Company also reported that its Design IP segment accounted for approximately 25% of revenue and came in at $426.6 million, a 7.7% decline year-over-year. Finally, management provided guidance which implied that Design IP revenues will decline by at least 5% on a full-year basis in fiscal 2025.

On this news, Synopsys's stock price fell $216.59, or 35.8%, to close at $387.78 per share on September 10, 2025, on unusually heavy trading volume.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Mr. Tselepidakis and other Class members have suffered significant losses and damages.

## IV.    ARGUMENT

### A.    The Related Actions Should be Consolidated

The PSLRA requires that the Court consolidate the Related Actions before appointing a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions.  Fed R. Civ. P. 42(a).  "In applying this standard, courts have found that '[c]onsolidation of private securities class actions arising from the same alleged misconduct is generally appropriate.'" *GGCC, LLC v. Dynamic Ledger Sols., Inc.*, 2018 WL 1388488, at *2 (N.D. Cal. Mar. 16, 2018) (citation omitted). Here, consolidation of the Related Actions is proper because they involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. Each of the Related Actions alleges similar factual and legal grounds to support alleged violations of the Exchange Act arising from Defendants' public dissemination of false and misleading information to investors. While one of the actions also includes claims under the Securities Act, "[n]either Rule 42 nor the PSLRA demands that the actions be identical before they may be consolidated.  Rather, in deciding

3

Notice of Motion and Dimitrios Tselepidakis's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel – Case No. 5:25-cv-09410-EKL

whether to consolidate actions under Rule 42(a), a court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (N.D. Cal. 1999). Because the claims in each of the related cases is based upon the same alleged misrepresentations and omission, the benefits of consolidation far outweigh the differences in any alleged claims. Accordingly, the Related Actions should be consolidated for all purposes.

**B.    Mr. Tselepidakis Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for selecting the lead plaintiff in class actions arising under the federal securities laws. *See* 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the plaintiff who files the action must publish notice within twenty days of filing the action informing class members of: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the Court to be appointed as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. §78u-4(a)(3)(A)(i).

Second, the PSLRA provides that the Court shall consider any timely motion made by a class member and shall appoint as Lead Plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is:

the person or group of persons that-

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 729-30. Mr. Tselepidakis meets each of these requirements and should be appointed Lead Plaintiff.

4

Notice of Motion and Dimitrios Tselepidakis's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel – Case No. 5:25-cv-09410-EKL

**1.  Mr. Tselepidakis's Motion Is Timely**

On October 31, 2025, a notice was published on *Business Wire* pursuant to the PSLRA advising Synopsys investors of the 60-day deadline to move the Court to be appointed as lead plaintiff by no later than December 30, 2025. *See* O'Mara Decl., Ex. A. Because this Motion is being filed on December 30, it is timely and Mr. Tselepidakis is entitled to be considered for appointment as lead plaintiff.

**2.  Mr. Tselepidakis Has a Substantial Financial Interest in the Relief Sought by the Class**

As evidenced by his PSLRA Certification and accompanying loss chart, Mr. Tselepidakis suffered losses of approximately $16,522 as a result of Defendants' alleged misconduct. *See* O'Mara Decl., Exs. B-C. Therefore, Mr. Tselepidakis has a substantial financial interest in the relief sought by the class.

**3.  Mr. Tselepidakis Is Typical and Adequate of the Putative Class**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

Typicality asks whether "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The adequacy requirement inquires whether "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Here, Mr. Tselepidakis, like all other class members: (1) purchased or acquired Synopsys securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages therefrom. Thus, Mr. Tselepidakis's

5

claims are typical of those of other class members because his claims and the claims of other class members arise out of the same course of events and are based on the same legal theories.

As to adequacy, Mr. Tselepidakis has a substantial stake in the outcome of the case, providing incentive to vigorously represent the class's claims. Mr. Tselepidakis's interests are aligned with the interests of the putative class and there is no evidence of any antagonism between his interests and those of the class. And, as discussed below, Mr. Tselepidakis has selected qualified counsel experienced in securities class action litigation. As such, the Court should find that Mr. Tselepidakis has made the requisite showing of typicality and adequacy.

**4.    The Court Should Approve Mr. Tselepidakis's Selection of Counsel**

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen,* 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. In this case, Mr. Tselepidakis has selected DiCello Levitt to serve as Lead Counsel for the class. *See generally* O'Mara Decl., Ex. D. DiCello Levitt attorneys are highly experienced in litigating complex securities class actions. *See*, *e.g.*, *United Ass'n of Plumbers & Pipefitters, Journeymen, Loc. #38 Defined Benefit Pension Plan v. Syneos Health, Inc.*, No. 1:23-cv-6548 (AS), 2023 WL 6622547, at *2 (S.D.N.Y. Oct. 11, 2023) (finding that DiCello Levitt "has the knowledge, experience, and resources to serve as lead counsel here"); *Saleh v. AstraZeneca PLC, et al.*, No. 2:24-cv-11021-JFW-AS, ECF No. 40, at 8 (C.D. Cal. Mar. 21, 2025) ("DiCello has extensive expertise and experience in the field of securities litigation and has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors.") (O'Mara Decl., Ex. E). For example, DiCello Levitt attorneys have led or played a critical role in securing billions of dollars in recoveries in securities fraud class and individual actions, including, among others, *Jones, et al., v. Pfizer Inc.*, et al., No. 10-cv-3864 (S.D.N.Y.) ($400 million recovery); *In re Cardinal Health, Inc. Sec. Litig.*, No. 04-cv-575 (S.D. Ohio) ($600 million recovery); *Bennett v. Sprint Nextel Corp.*, No. 09-cv-2122 (D. Kan.) ($131 million recovery); *In re CIT Grp. Inc. Sec. Litig.*, No. 1:08-cv-

6

06613 (S.D.N.Y.) ($75 million recovery); and *In re MGM Mirage Sec. Litig.*, No. 2:09-cv-1558 (D. Nev.) ($75 million recovery).

Based upon DiCello Levitt's extensive experience and proven track record as counsel in securities class actions, Mr. Tselepidakis's selection of DiCello Levitt as lead counsel is reasonable and should be approved.

## V.    CONCLUSION

For the foregoing reasons, Mr. Tselepidakis respectfully requests that the Court: (i) consolidate the above-captioned Related Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (ii) appoint Mr. Tselepidakis as Lead Plaintiff; and (iii) approve his selection of DiCello Levitt as Lead Counsel.

DATED:  December 30, 2025

*s/ Brian O. O'Mara*
BRIAN O. O'MARA

**DiCELLO LEVITT LLP**
Henry Rosen (Bar No. 156963)
Brian O. O'Mara (Bar No. 229737)
Ruben Peña (Bar No. 328106)
4747 Executive Dr., Suite 240
San Diego, CA  92121
Tel. (619) 923-3939
hrosen@dicellolevitt.com
briano@dicellolevitt.com
rpena@dicellolevitt.com

*Counsel for Proposed Lead Plaintiff and Proposed Lead Counsel for the Class*

**DON BIVENS PLLC**
Don Bivens (*pro hac vice* forthcoming)
15169 N. Scottsdale Road, Ste 205
Scottsdale, AZ 85254
Tel.: (602) 762-2661
don@donbivens.com

*Additional Counsel for Lead Plaintiff*

Notice of Motion and Dimitrios Tselepidakis's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel – Case No. 5:25-cv-09410-EKL

**CERTIFICATE OF SERVICE**

I certify that on December 30, 2025, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

_____*s/ Brian O. O'Mara*_____
BRIAN O. O'MARA

**DiCELLO LEVITT LLP**
4747 Executive Dr., Suite 240
San Diego, CA  92121
Tel.: (619) 923-3939
briano@dicellolevitt.com
