M. Elizabeth Graham (SBN 143085)
GRANT & EISENHOFER P.A.
2325 Third Street, Suite 329
San Francisco, CA 94107
Tel.: (415) 229-9720
Fax: (415) 789-4367
Email: egraham@gelaw.com

[Additional counsel appear below]

*Counsel for City of Sterling Heights Police &*
*Fire Retirement System*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| HYUNGJOON KIM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNOPSYS, INC., SASSINE GHAZI, and SHELAGH GLASER,<br><br>Defendants. | Case No. 25-cv-9410-EKL<br><br>NOTICE OF MOTION AND MOTION OF STERLING HEIGHTS PFRS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>CLASS ACTION<br><br>Date: April 29, 2026<br>Time: 10:00 a.m.<br>Courtroom: 7, 4th Floor<br>Judge: Hon. Eumi K. Lee |

## NOTICE OF MOTION AND MOTION

**TO THE CLERK OF THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on April 29, 2026, at 10:00 a.m., or as soon thereafter as the matter can be heard in the courtroom of the Honorable Eumi K. Lee, Courtroom 7, 4th Floor, 280 South 1st Street, San Jose, CA 95113, City of Sterling Heights Police & Fire Retirement System ("Sterling Heights PFRS") will move this Court for entry of an Order: (i) either (a) directing that a new notice be issued, limited to the claims asserted under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") (the "Securities Act Claims"), and providing a new notice period for class members to move for appointment as lead plaintiff, in light of a fundamental conflict of interest between investors who purchased Synopsys, Inc. ("Synopsys") common stock in the open market and those who acquired Synopsys common stock in exchange for their shares of Ansys, Inc. ("Ansys") common stock in connection with Synopsys's acquisition of Ansys (the "Acquisition"), or (b) appointing Sterling Heights PFRS as lead plaintiff for a subclass consisting of all persons and entities who acquired Synopsys common stock in exchange for Ansys common stock in connection with the Acquisition (the "Securities Act Class"); (iii) approving Sterling Heights PFRS's selection of Grant & Eisenhofer P.A. ("G&E") as lead counsel for the Securities Act Class; and (iv) granting any further relief that the Court may deem just and proper.

This Motion is brought pursuant to Section 27 of the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and the Federal Rules of Civil Procedure. In support of this Motion, Sterling Heights PFRS submits a Memorandum of Points and Authorities in support thereof and the Declaration of M. Elizabeth Graham and the exhibits attached thereto, and all of the prior pleadings and other files in this matter, and such other written or oral arguments as may be permitted by the Court.

This Motion is made on the grounds that Sterling Heights PFRS is the "most adequate plaintiff" under the PSLRA with respect to the Securities Act Claims and should therefore be

NOTICE OF MOTION AND MOTION OF STERLING HEIGHTS PFRS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – No. 25-cv-9410-EKL

appointed lead plaintiff for the Securities Act Class.  Specifically, Sterling Heights PFRS believes it has the "largest financial interest" in the relief sought by the Securities Act Class based on the approximately $309,230.25 in Synopsys common stock consideration it received in exchange for its shares of Ansys common stock in connection with the Acquisition.  Sterling Heights PFRS otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of the claims asserted by other members of the Securities Act Class and because it will fairly and adequately represent the interests of that class. Moreover, Sterling Heights PFRS is a paradigmatic lead plaintiff under the PSLRA because it is a sophisticated institutional investor with substantial financial stake in the litigation, which guarantees effective monitoring and supervision of counsel.

This Motion has been filed pursuant to Section 27 of the Securities Act, as amended by the PSLRA, which provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the underlying action.  Counsel for Sterling Heights PFRS cannot determine who the competing lead plaintiff candidates are at this time and, as such, has been unable to confer with opposing counsel as prescribed in the Standing Order for Civil Cases Before Judge Eumi K. Lee at Section VIII.A.  Sterling Heights PFRS respectfully requests that the conference requirement be waived for this Motion.

Sterling Heights PFRS hereby respectfully requests oral argument.

NOTICE OF MOTION AND MOTION OF STERLING HEIGHTS PFRS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – No. 25-cv-9410-EKL

## MEMORANDUM OF POINTS AND AUTHORITIES

Sterling Heights PFRS respectfully submits this memorandum of law support of its Motion, pursuant to Section 27 of the Securities Act, 15 U.S.C. § 77z-1(a)(3)(B), as amended by the PSLRA, and the Federal Rules of Civil Procedure, for an Order: (i) either (a) directing that a new notice be issued, limited to the Securities Act Claims, and providing a new notice period for class members to move for appointment as lead plaintiff, in light of a fundamental conflict of interest between investors who purchased Synopsys common stock in the open market and those who acquired Synopsys common stock in exchange for their shares of Ansys common stock in connection with the Acquisition, or (b) appointing Sterling Heights PFRS as lead plaintiff for the Securities Act Class; (iii) approving Sterling Heights PFRS's selection of G&E as lead counsel; and (iv) granting any further relief that the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

Several complaints have been filed in this District against Synopsys based on overlapping factual allegations, asserting different statutory claims on behalf of different—and conflicting—groups of investors.  The first complaint asserts claims under the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of investors who purchased Synopsys, Inc. common stock in the open market (the "Exchange Act Claims").  The second complaint asserts those same Exchange Act Claims and adds the Securities Act Claims.  The third complaint asserts only the Securities Act Claims.  As detailed herein, the alleged inflation in Synopsys's stock price affected those with Securities Act Claims and those with Exchange Act Claims differently, thus creating conflict and necessitating the creation of a subclass or subclasses.

Sterling Heights PFRS, a sophisticated institutional investor that oversees hundreds of millions of dollars in assets and has experience serving as a lead plaintiff, respectfully submits that, in light of this fundamental conflict, the Court should either (i) issue a new notice limited to the Securities Act Claims and provide a new notice period for class members to move for appointment as lead plaintiff for the Securities Act Class, or (ii) appoint Sterling Heights PFRS as lead plaintiff on behalf of the Securities Act Class because Sterling Heights PFRS acquired

1

Synopsys common stock solely in exchange for its Ansys shares in connection with the Acquisition, did not purchase any Synopsys common stock on the open market, and has the largest financial interest in the relief sought by the Securities Act Class. Sterling Heights PFRS satisfies all prerequisites for appointment as lead plaintiff under the PSLRA.

**II.    STATEMENT OF ISSUES TO BE DECIDED**

1.    Whether the Court should direct a new lead plaintiff notice limited to the Securities Act Claims, or alternatively, recognize a separate putative Securities Act Class and appoint a lead plaintiff for that subclass;

2.    Whether the Court should appoint Sterling Heights PFRS as lead plaintiff for the Securities Act Class pursuant to 15 U.S.C. §77z-1(a)(3)(B); and

3.    Whether the Court should approve Sterling Heights PFRS's selection of G&E as lead counsel for the Securities Act Class pursuant to 15 U.S.C. § 77z-1(a)(3)(B)(v).

**III.    STATEMENT OF FACTS**

Three complaints have been filed asserting claims against Synopsys based on overlapping factual allegations. The initial complaint, filed on October 31, 2025, asserts claims solely under Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 on behalf of purchasers of Synopsys, Inc. common stock between December 4, 2024 and September 9, 2025 (the "Class Period"). *Kim v. Synopsys, Inc., et al.*, No. 5:25-cv-9410-EKL, ECF No. 1 (N.D. Cal.). The required PSLRA notice was published October 31, 2025, setting a December 30, 2025 deadline for lead plaintiff motions. *See Kim* at ECF No. 4-1.

On November 25, 2025, a second complaint was filed, asserting the same Exchange Act Claims as *Kim*, and adding additional claims under Sections 11, 12(a)(2), and 15 of the Securities Act on behalf of investors who acquired Synopsys common stock in exchange for their shares of Ansys common stock in connection with the Acquisition. *New England Teamsters Pension Fund v. Synopsys, Inc., et al.*, No. 3:25-cv-10201-JD, ECF No. 1 (N.D. Cal.). Plaintiff in this second case published a second notice on November 25, 2025 using the same lead plaintiff deadline as

2

NOTICE OF MOTION AND MOTION OF STERLING HEIGHTS PFRS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – No. 25-cv-9410-EKL

the *Kim* notice, leaving investors with Securities Act Claims only 35 days to move for appointment as lead plaintiff. *See New England Teamsters* at ECF No. 12.

Most recently, on December 30, 2025, Sterling Heights PFRS filed a third complaint asserting only Securities Act Claims. *City of Sterling Heights Police & Fire Ret. Sys. v. Synopsys, Inc., et al.*, No. 5:25-cv-11059, ECF No. 1 (N.D. Cal.) (the "*Sterling Heights* Compl."). Because of the compressed timeframe between the filing of that complaint and the already (twice) noticed December 30, 2025 lead plaintiff deadline, Sterling Heights PFRS did not publish a new notice and instead filed the present Motion addressing the inherent conflict between the Exchange Act Claims and the Securities Act Claims.

Synopsys is a California-based technology company that provides software, intellectual property, and services used to design and verify advanced semiconductor chips. ¶4.[1] Synopsys common stock trades on the NASDAQ under the ticker symbol "SNPS." ¶58. Defendant Sassine Ghazi was the Chief Executive Officer of Synopsys at all relevant times (¶19), and Defendant Shelagh Glaser was the Chief Financial Officer at all relevant times (¶20). Defendant Sudhindra Kankanwadi served as Chief Accounting Officer of Synopsys at the time of the Acquisition and signed the Acquisition Materials (defined below). ¶27. Defendant Aart J. de Geus was the Executive Chair of Synopsys's Board at the time of the Acquisition and signed the Acquisition Materials. ¶28. Defendants Luis Borgen, Marc N. Casper, Janice D. Chaffin, Bruce R. Chizen, Mercedes Johnson, Robert G. Painter, Jeannie P. Sargent, John G. Schwarz, and Roy Vallee were Director's on Synopsys's Board and signed the Acquisition Materials, defined below. ¶¶29–37.

On January 26, 2024, Synopsys announced that it had entered into an agreement to acquire Ansys for $35 billion. ¶5. Ghazi touted the benefits of the proposed acquisition, stating that it would "deliver a holistic, powerful and seamlessly integrated silicon to systems approach to innovation to help maximize the capabilities of technology R&D teams across a broad range of industries." *Id*. On March 14, 2024, Synopsys filed with the SEC a registration statement on Form S-4, which was declared effective on April 17, 2024 (the "Registration Statement"), and on

---

[1] Unless otherwise noted, references to "¶__" and "¶¶__" are to the complaint filed in *New England Teamsters* at ECF No. 1.

3

NOTICE OF MOTION AND MOTION OF STERLING HEIGHTS PFRS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – No. 25-cv-9410-EKL

April 17, 2024, Synopsys filed with the SEC a prospectus and proxy statement on Form 424B3 (the "Prospectus" and together with the Registration Statement, the "Acquisition Materials"). ¶6. The Acquisition Materials stated that Ansys shareholders would receive $197.00 in cash and 0.345 shares of Synopsys common stock in exchange for each share of Ansys they held at the time of the Acquisition. *Id.*

The Securities Act Claims arise solely from the Acquisition and allege that the Acquisition Materials were materially false and misleading because Synopsys failed to disclose certain adverse facts that existed prior to and at the time of the Acquisition, including: (1) the Company's growing emphasis on AI customers, who require more customization, was weakening the economics of its Design IP business; (2) as a result, certain of the Company's road map and resource choice were unlikely to achieve their intended outcomes; and (3) these issues were materially harming the Company's financial performance. ¶78. Defendants also concealed risks related to Synopsys's largest customer, Intel, which ultimately shifted to a different technology, reduced its reliance on and spending with Synopsys, and materially harmed the Company's business. *See Sterling Heights* Compl. at ¶6. The allegations concerning Intel are particularly significant to the Securities Act Claims challenging the Acquisition Materials. *Id.* at ¶¶34–41.

The truth about the negative effects of Synopsys's heightened focus on AI related projects and the operational problems within its Design IP business was revealed on September 9, 2025. ¶53. Synopsys released its third quarter 2025 financial results and acknowledged that the Company's "IP business underperformed expectations," and disclosed that Design IP revenue had declined 8% year-over-year and that Synopsys would need to redirect its IP resources and road map towards areas with stronger growth potential. *Id.* Defendants also disclosed that several anticipated IP deals had not yet materialized and that issues involving a major foundry customer had contributed to the shortfall. *Id.* Synopsys's stock price dropped by 35.8 percent from $604.37 to $387.78 per share on September 9, 2025. ¶54. By November 24, 2025, Synopsys stock closed at $404.63, a 31% decline from its price of $589.01 on the day of the Acquisition. ¶79.

NOTICE OF MOTION AND MOTION OF STERLING HEIGHTS PFRS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – No. 25-cv-9410-EKL

## IV.    ARGUMENT

The PSLRA sets forth a three-step process for the appointment of a lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B).  Under the PSLRA, the Court is required to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i). The "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who can make a prima facie showing of the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. §77z-1(a)(3)(B)(iii)(I).  Because Sterling Heights PFRS has good reason to believe that it possesses the largest financial interest concerning the Securities Act Claims, they are the "most adequate plaintiff" to be appointed for the Securities Act Class.

Sterling Heights PFRS also satisfies Rule 23's requirements because its claims are typical of those of the Securities Act Class, and they will fairly and adequately represent the interests of the Securities Act Class.  Sterling Heights PFRS is a sophisticated institutional investor with a substantial financial interest in the pending litigation and has experience supervising and monitoring outside counsel.  Sterling Heights PFRS understands the PSLRA's requirements for serving as lead plaintiff and is fully prepared to vigorously advocate to achieve the most desirable outcome for all Securities Act Class members.  Sterling Heights PFRS's selection of G&E as lead counsel further underscores their adequacy.  *See* § IV.G, *infra*.

### A.    Conflict of Interest Requires a New Notice or Appointment of Sterling Heights PFRS as Lead Plaintiff for the Securities Act Class

The interests of open-market purchasers of Synopsys stock are not aligned with those of investors who acquired Synopsys stock in the Acquisition.  Because these groups acquired Synopsys stock through materially different transactions and were affected by the alleged misconduct in fundamentally different ways, the Court should direct the issuance of a new notice for the Securities Act Claims or appoint Sterling Heights PFRS as lead plaintiff for the Securities Act Class.

Courts have held that class wide representation is inappropriate where investors' interests diverge based on how they acquired the securities at issue. "A fundamental conflict exists where some party members claim to have been harmed by the same conduct that benefitted other

5

members of the class."[2] *Edwards v. McDermott Int'l, Inc.*, 2024 WL 1769325 * 11 (S.D. Tex. April 24, 2024). In *McDermott*, the court confronted the same structural conflict present here: investors who acquired stock on the open market versus those who acquired shares in a stock-for-stock merger. The court held that separate subclasses were required because it was "fundamentally unfair for absent class members who actually purchased McDermott stock to be represented by" an investor who acquired the stock in an acquisition, noting that "its counsel . . . may yet expend considerable time" on the issue of whether and by how much the acquired company's stock was inflated. *Id.* at *12. The Fifth Circuit affirmed, emphasizing that a combined class would not be focused on the same issues, including "post-merger market efficiency." *See Nova Scotia Health Empl. Pension Plan v. McDermott Int'l Inc.*, 2025 WL 2814735, at *8, *10 (5th Cir. Oct. 3, 2025) ("Each subclass will have its chosen fighter who will bring his best legal case on behalf of the subclass he represents."); *see also Juenger v. King Pharms.*, 2005 WL 4912274, at *2 (E.D. Tenn. Aug. 10, 2005) (certifying a merger-exchange subclass due to "a sufficient conflict between the class and the proposed subclass regarding the proof required for recovery, as well as the potential for decreasing the recovery of one group at the expense of another"); *In re Harmonic Sec. Litig.*, 163 F. Supp. 2d 1079, 1081 (N.D. Cal. 2001) (referring to a subclass that acquired shares pursuant to a merger); *In re JDS Uniphase Corp. Sec. Litig.*, 2007 WL 2429593 (N.D. Cal. Aug. 24, 2007) (same).

That same fundamental conflict exists here. The Exchange Act and Securities Act Claims are premised on different false statements, involve different classes and time periods, and require proof of distinct elements under separate statutory schemes. The Exchange Act Claims concern alleged misrepresentations made throughout the Class Period and require proof of scienter, reliance, and loss causation, while the Securities Act Claims arise solely from the Acquisition Materials, concern a shorter time period, and impose materially different standards of liability, including strict liability and negligence standards. Members of the Securities Act Class have no

---

[2] Unless otherwise noted, all citations and quotations are omitted.

6

NOTICE OF MOTION AND MOTION OF STERLING HEIGHTS PFRS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – No. 25-cv-9410-EKL

interest in establishing the falsity of any statements other than those in the Acquisition Materials and should not expend resources doing so.

Beyond these issues, an irreconcilable conflict exists between the holders of these two distinct sets of claims given the stock component of the merger consideration. Any alleged inflation in Synopsys's stock price arguably benefited Synopsys shareholders by justifying a lower exchange ratio, while harming former Ansys shareholders who received stock that was worth less than they were led to believe it was. Thus, the same alleged misstatements in the Acquisition Materials that caused inflation in Synopsys stock benefitted Synopsys shareholders, while injuring merger-exchange Ansys shareholders. Ansys shareholders may argue that any loss claimed by a purchaser of Synopsys shares on the open market may need to be offset to account for the benefit of receiving Ansys's assets paid for with inflated Synopsys shares. Ansys shareholders may wish to argue for rescission or to explore the hypothetical effect on the deal price or the deal itself had the fraud been revealed prior to the effective date. The litigation decisions of former Ansys shareholders cannot be dictated by members of the Exchange Act Class whose interests may not align with those of former Ansys shareholders. The resolution of this conflict cannot await the class certification stage as litigation decisions will be made before then.

These differences also affect damages, which are calculated differently for open-market purchasers and acquisition-exchange investors, and create the potential for maximizing one group's recovery at the expense of the other. Because success on one set of claims does not necessarily advance (and may even detract from) the interests of the other, a single lead plaintiff cannot adequately represent both groups, giving rise to yet another inherent conflict of interest. These conflicts are disabling and require separate notice and independent representation.

### B.      Legal Standard for Lead Plaintiff Appointment

The PSLRA requires courts to consider lead plaintiff motions filed in response to a published notice by the later of (i) 60 days after the date of publication or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the "person or

7

NOTICE OF MOTION AND MOTION OF STERLING HEIGHTS PFRS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – No. 25-cv-9410-EKL

group of persons" with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I).   This presumption may be overcome only by proof that the presumptive lead plaintiff will not fairly and adequately represent the class or is subject to unique defenses. 15 U.S.C. §77z-1(a)(3)(B)(iii)(II).   The lead plaintiff movant must then also make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23. *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010).

### C.   Sterling Heights PFRS's Motion is Timely

On October 31, 2025, statutory notice was published alerting investors that a class action had been filed against Synopsys and that any investor seeking appointment as lead plaintiff for the Exchange Act Claims was required to move the Court by December 30, 2025. *See* Declaration of M. Elizabeth Graham ("Graham Decl.") at Ex. A.  On November 25, 2025, a subsequent notice was published advising investors that another class action had been filed against Synopsys, adding the Securities Act Claims, and advising that the lead plaintiff deadline remained December 30, 2025. *Id*.  Thus, Sterling Heights PFRS timely filed its Motion.

### D.   Sterling Heights PFRS Has the Largest Financial Interest for the Securities Act Claims and Is the Presumptive Lead Plaintiff for the Securities Act Class

To calculate a movant's financial interest, courts in this District "compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). With respect to the Securities Act Claims, Sterling Heights PFRS presumptively has the "largest financial interest in the relief sought by the class" and should therefore be appointed lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d at 729–32. Sterling Heights PFRS received 525 shares of Synopsys common stock, at a share price of $589.01 per share, in exchange for its Ansys shares in connection with the Acquisition, for a total of $309,230.25. *See Sterling Heights* Compl. at pp. 20–22 (PSLRA certification).  The true value of that stock—calculated based on Synopsys's share price when the first Securities Act Claim was filed—was $210,845.25.  *See* Graham Decl. at Ex.

NOTICE OF MOTION AND MOTION OF STERLING HEIGHTS PFRS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – No. 25-cv-9410-EKL

B (loss chart).  To the best of Sterling Heights PFRS's knowledge, no other movant for lead plaintiff has a larger financial interest in the Securities Act Claims.

### E.    Sterling Heights PFRS Satisfies the Relevant Requirements of Rule 23

A lead plaintiff movant must also make "a prima facie showing of typicality and adequacy" under Rule 23. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); *Cavanaugh*, 306 F.3d at 731. Sterling Heights PFRS meets these requirements because its claims and defenses are typical of the Securities Act Class and it will fairly and adequately protect the class's interests.

### 1.    Sterling Heights PFRS is Typical

Where the "named plaintiff's representative claims" are "reasonably coextensive with those of absent class members" the claims are said to be typical. *Weston v. DocuSign*, 2022 WL 1301770, at *3 (N.D. Cal. Apr. 18, 2022).  The Ninth Circuit has held that the claims need "'not be substantially identical'" to satisfy the typicality requirement. *B.K. by next friend Tinsley v. Snyder*, 922 F.3d 957, 969-70 (9th Cir. 2019). All a movant needs to show is that "it has suffered the same injuries as absent class members, as a result of the same conduct by the defendants." *Kusen v. Herbert*, 2023 WL 8171736, at *6 (N.D. Cal. Nov. 24, 2023).

Sterling Heights PFRS's claims are typical of the Securities Act Class because Sterling Heights PFRS: (1) acquired Synopsys common stock in connection with the Acquisition; (2) paid consideration that was rendered excessive by Defendants' materially false and misleading statements and/or omissions in the Acquisition Materials; and (3) suffered damages as a result of the decline in the value of Synopsys common stock attributable to the revelation of the truth regarding the misstatements and omissions. "At this step, the process is not adversarial, so the Rule 23 determination should be based on only the movant's pleadings and declarations." *In re Mersho*, 6 F.4th 891, 899 (9th Cir. 2021).  Based on Sterling Heights PFRS's pleadings, its claims are based on the same legal theory, and arise from the same events and course of conduct as the Securities Act Class's claims, and thus satisfy Rule 23(a)(3)'s typicality requirement. *See Kusen*, 2023 WL 8171736, at *6.  For these reasons, Sterling Heights PFRS has demonstrated typicality.

NOTICE OF MOTION AND MOTION OF STERLING HEIGHTS PFRS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – No. 25-cv-9410-EKL

### 2.    Sterling Heights PFRS is Adequate

A lead plaintiff movant satisfies the adequacy element of Rule 23 where it can demonstrate that it will "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4). Representation is adequate when the movant and its counsel: (1) do not have any conflicts of interest with other class members; and (2) will "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Sterling Heights PFRS satisfies these elements because it is qualified, experienced, and aligned the Securities Act Class, and has a strong incentive to vigorously prosecute the action given its substantial losses.

### F.    Sterling Heights PFRS is an Ideal PSLRA Lead Plaintiff

Sterling Heights PFRS—a sophisticated institutional investor that manages millions in assets—is exactly the type of lead plaintiff Congress prefers to lead securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34, *reprinted in* 1995 U.S.C.C.A.N. 730, at 733 ("[i]ncreasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

### G.    The Court Should Approve Sterling Heights PFRS's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Sterling Heights PFRS has selected G&E to serve as lead counsel for the Securities Act Class in this case. G&E is a preeminent securities class action firm that has served as lead or co-lead counsel in complex securities fraud actions, recovering billions of dollars for shareholders, including in some of the largest securities class actions in history: *See e.g., In re Tyco Int'l Ltd. Sec. Litig.*, No. 02-cv-1335 (D.N.H.) ($3.2 billion recovery); *In re Pfizer Inc. Sec. Litig.*, No. 1:04-cv-9866 (S.D.N.Y.) ($486 million recovery); *In re Glob. Crossing, Ltd. Sec. Litig.*, No. 02-cv-910 (S.D.N.Y.) ($448 million recovery); *see also* Graham Decl. at Ex. C (G&E firm resume).  Sterling Heights PFRS's selection is reasonable and should be approved.

### <u>CONCLUSION</u>

For the foregoing reasons, Sterling Heights PFRS respectfully requests that the Court grant its Motion.

NOTICE OF MOTION AND MOTION OF STERLING HEIGHTS PFRS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – No. 25-cv-9410-EKL

Dated: San Francisco, California
December 30, 2025

Respectfully submitted,

/s/ M. Elizabeth Graham
M. Elizabeth Graham (SBN 143085)
GRANT & EISENHOFER P.A.
2325 Third Street, Suite 329
San Francisco, CA 94107
Tel.: (415) 229-9720
Fax: (415) 789-4367
Email: egraham@gelaw.com

Karin E. Fisch (*pro hac vice* forthcoming)
Vincent J. Pontrello (*pro hac vice* forthcoming)
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: kfisch@gelaw.com
Email: vpontrello@gelaw.com

*Counsel for City of Sterling Heights Police &
Fire Retirement System*

NOTICE OF MOTION AND MOTION OF STERLING HEIGHTS PFRS FOR APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT THEREOF – No. 25-cv-9410-EKL