Adam M. Apton (SBN 316506)
**LEVI & KORSINSKY, LLP**
aapton@zlk.com
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel.: (415) 373-1671

*Attorneys for Lead Plaintiff Movant Mehdi Vazeen and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| HYUNGJOON KIM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNOPSYS, INC., SASSINE GHAZI, and SHELAGH GLASER,<br><br>Defendants. | Case No. 5:25-cv-09410-EKL<br><br>**MEHDI VAZEEN, AS TRUSTEE ON BEHALF OF THE MEHDI VAZEEN FAMILY TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF HIS MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:        April 29, 2026<br>Time:        10:00 a.m.<br>Courtroom:  7-4th Floor<br>Judge:       Hon. Eumi K. Lee |

[*Captions continued on following page*]

| | |
|---|---|
| NEW ENGLAND TEAMSTERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | Case No. 5:25-cv-10201-EKL |
| Plaintiff, | |
| v. | |
| SYNOPSYS, INC., SASSINE GHAZI, SHELAGH GLASER, SUDHINDRA KANKANWADI, AART J. DE GEUS, LUIS BORGEN, MARC N. CASPER, JANICE D. CHAFFIN, BRUCE R. CHIZEN, MERCEDES JOHNSON, ROBERT G. PAINTER, JEANNINE P. SARGENT, JOHN G. SCHWARZ, and ROY VALLEE, | |
| Defendants. | |
| CITY OF STERLING HEIGHTS POLICE & FIRE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated, | Case No. 5:25-cv-11059-EKL |
| Plaintiff, | |
| v. | |
| SYNOPSYS, INC., SASSINE GHAZI, SHELAGH GLASER, SUDHINDRA KANKANWADI, AART J. DE GEUS, LUIS BORGEN, MARC N. CASPER, JANICE D. CHAFFIN, BRUCE R. CHIZEN, MERCEDES JOHNSON, ROBERT G. PAINTER, JEANNINE P. SARGENT, JOHN G. SCHWARZ, and ROY VALLEE, | |
| Defendants. | |

ii

## TABLE OF CONTENTS

I.      PRELIMINARY STATEMENT ...................................................................................... 1

II.     ARGUMENT ................................................................................................................. 3

    A.      The PSLRA Process for Selecting a Lead Plaintiff .......................................... 3

    B.      Dr. Vazeen Is the "Most Adequate" Lead Plaintiff. .......................................... 4

        1.      *Dr. Vazeen Possesses the "Largest Financial Interest."*. ................................. 4

        2.      *Dr. Vazeen Satisfies Rule 23's Typicality and Adequacy Requirements.* ........... 6

    C.      No Movant Can Rebut the Strong Presumption in Favor of Appointing Dr. Vazeen as Lead Plaintiff. ......................................................................................................... 8

III.    LEVI & KORSINSKY, LLP SHOULD BE APPROVED AS LEAD COUNSEL .................... 9

IV.     CONCLUSION .............................................................................................................. 9

**TABLE OF AUTHORITIES**

**Cases**

*Abrams v. Intuitive Surgical, Inc.*,
  No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873 (N.D. Cal. Nov. 18,
  2013) ................................................................................................................................3

*Berg v. Guthart*,
  No. 5:14-CV-00515-EJD, 2014 U.S. Dist. LEXIS 105357 (N.D. Cal. July 30,
  2014) .............................................................................................................................2, 6

*Burke v. Ruttenberg*,
  102 F. Supp. 2d 1280 (N.D. Ala. 2000) ................................................................................6

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) ...........................................................................3, 4, 5, 8

*Crawford v. Honig*,
  37 F.3d 485 (9th Cir. 1994) ....................................................................................7

*Crews v. Rivian Auto., Inc.*,
  No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795 (C.D. Cal. July 1,
  2022) ................................................................................................................................4

*In re CTI Biopharma Corp. Sec. Litig.*,
  Case No. C16-216RSL, 2016 U.S. Dist. LEXIS 119301 (W.D. Wash. Sept. 2,
  2016) ................................................................................................................................9

*Doherty v. Pivotal Software, Inc.*,
  No. 3:19-cv-03589- CRB, 2019 U.S. Dist. LEXIS 195360 (N.D. Cal. Nov. 8,
  2019) ................................................................................................................................3

*Ferrari v. Gisch*,
  225 F.R.D. 599 (C.D. Cal. 2004) .............................................................................5, 6

*Garden City Emples. Ret. Sys. v. Psychiatric Sols., Inc.*,
  No. 3:09-cv-00882, 2010 U.S. Dist. LEXIS 42915 (M.D. Tenn. Apr. 30, 2010) ...........6

*Hall v. Medicis Pharm. Corp.*,
  No. CV-08-1821-PHX-GMS, 2009 U.S. Dist. LEXIS 24093 (D. Ariz. Mar. 10,
  2009) ................................................................................................................................5

*Hessefort v. Super Micro Comput., Inc.*,
  317 F. Supp. 3d 1056 (N.D. Cal. 2018) ................................................................................5

*Hevesi v. Citigroup Inc.*,
  366 F.3d 70 (2d Cir. 2004) ................................................................................2, 8

*Hufnagle v. Rino Int'l Corp.*,
  No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771 (C.D. Cal. Feb. 14,
  2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D.
  Cal. Feb. 16, 2011)....................................................................................................8

*In re Initial Pub. Offering Sec. Litig.*,
  214 F.R.D. 117 (S.D.N.Y. 2002) ................................................................................2

iv

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) ........................................................................5

*Laborers Local 1298 Pension Fund v. Campbell Soup Co.*,
    No. 00-152 (JEI), 2000 U.S. Dist. LEXIS 5481 (D.N.J. April 24, 2000)..........................6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ....................................................................................9

*Robb v. Fitbit Inc.*,
    Case No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) ....................1

*Schueneman v. Arena Pharms., Inc.*,
    Nos. 10cv1959 BTM(BLM), et. al., 2011 U.S. Dist. LEXIS 87373 (S.D. Cal. Aug.
    8, 2011) ........................................................................................................................8

*In re Stitch Fix, Inc. Sec. Litig.*,
    393 F. Supp. 3d 833 (N.D. Cal. 2019) ............................................................................3

*Takeda v. Turbodyne Techs., Inc.*,
    67 F. Supp. 2d. 1129 (C.D. Cal. 1999) ..........................................................................2

*Waterford Twp. Gen. Emps. Ret. Sys. v. Monolithic Power Sys., Inc.*,
    No. C25-0220JLR, 2025 U.S. Dist. LEXIS 209398 (W.D. Wash. Aug. 25, 2025)..........................5

*Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*,
    No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452 (C.D. Cal. Sep. 29,
    2017) ............................................................................................................................4

**Statutes**

15 U.S.C. § 77z-1 ................................................................................................*passim*

15 U.S.C. § 78u-4 ................................................................................................*passim*

## I.    PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934 (the "Exchange Act") and Securities Act of 1933 (the "Securities Act"). It instructs courts to appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant satisfies the adequacy and typicality requirements under Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B). Under that directive, Mehdi Vazeen, as Trustee on behalf of the Mehdi Vazeen Family Trust ("Dr. Vazeen"), is the "most adequate plaintiff" because he is the movant with the largest financial interest and otherwise satisfies the typicality and adequacy prongs of the Federal Rules of Civil Procedure 23 ("Rule 23").

There is no question Dr. Vazeen possesses the "largest financial interest" in the outcome of the litigation. Courts in the Ninth Circuit have considered several different methodologies when determining a movant's financial interest, including the well-known *Olsten/Lax* factors: (1) number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See, e.g.*, *Robb v. Fitbit Inc.*, Case No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (N.D. Cal. May 10, 2016). Most courts have found that the fourth factor, approximate loss suffered, is the most important factor and afford it the greatest weight when determining which movant has the largest financial interest. As the following table demonstrates, Dr. Vazeen possesses the largest financial interest out of all the various movants for lead plaintiff:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Mehdi Vazeen, as Trustee on behalf of the Mehdi Vazeen Family Trust | 6,003 | 6,003 | $3,628,456.98 | $980,297.44 |
| Sheet Metal Workers Local No. 80 Pension Trust Fund, UA Local 13 Pension Fund, and Ohio Carpenters Pension Fund | 5,327 | 3,626 | $2,126,424.32 | $561,984.80 |
| New England Teamsters Pension Fund and the Boston | 10,980 | 10,980 | $5,380,395.93 | $525,945.10 |

| Retirement System | | | | |
|---|---|---|---|---|
| Ron Hirji | 1,700 | 1,500 | $859,778.00 | $236,687.18 |
| City of Sterling Heights Police & Fire Retirement | 525 | 525 | $309,230.25 | $98,385.00 |
| Dimitrios Tselepidakis | 129 | 129 | $73,684.80 | $16,522.23 |

*See* ECF Nos. 15-3; 19-4; 26-3; 30-2; 36-3; and 43-2.

Having lost over $400,000 more than the next largest movants, there can be no dispute that Dr. Vazeen holds the "largest financial interest" in the actions. *See* 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B). This is especially true when considering the practical reality that Dr. Vazeen's loss of nearly $1 million is vastly more material to him and his family personally than the losses allegedly sustained by the other pension fund movants (which equate to mere fractions of their overall holdings). *See Berg v. Guthart*, No. 5:14-CV-00515-EJD, 2014 U.S. Dist. LEXIS 105357, at *19 (N.D. Cal. July 30, 2014) ("Because his Intuitive stock represents such a large percentage of his portfolio, Berg will certainly be motivated to pursue this case vigorously.").

Moreover, Dr. Vazeen has made a preliminary showing of the typicality and adequacy requirements of Rule 23, which is all that is required at this stage in the litigation. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d. 1129, 1136 (C.D. Cal. 1999). He is typical of the other class members insofar as he acquired Synopsys, Inc. ("Synopsys") securities during the Class Period and was damaged as a result. Dr. Vazeen does not have any interests adverse to the class and, as demonstrated in the declaration accompanying his motion, he is ideally suited to serve as the lead plaintiff given his experience overseeing attorneys and approximate 20-year history of investing in the stock market. *See* ECF No. 15-5. While the competing movants may argue that Dr. Vazeen does not have "standing" to pursue certain claims in this litigation, no such requirement exists. Indeed, "because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004) (citing *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 123 (S.D.N.Y. 2002)).

With the largest financial interest in the outcome of the Actions and having made the preliminary showing of typicality and adequacy, Dr. Vazeen is entitled to the presumption of "most

adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B). The other movants cannot rebut this presumption with proof of atypicality or inadequacy. Therefore, Dr. Vazeen should be appointed as the lead plaintiff.

## II.    ARGUMENT

### A.    The PSLRA Process for Selecting a Lead Plaintiff

Under the PSLRA, this Court is directed to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i) and 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange and Securities Acts] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a) and (a)(3)(B); 15 U.S.C. § 77z-1(a) and (a)(3)(B).

In interpreting the PSLRA, the Ninth Circuit formulated a clear process for selecting a lead plaintiff. *See Doherty v. Pivotal Software, Inc.,* No. 3:19-cv-03589- CRB, 2019 U.S. Dist. LEXIS 195360, at *12-13 (N.D. Cal. Nov. 8, 2019); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833 (N.D. Cal. 2019); *Abrams v. Intuitive Surgical, Inc.*, No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *5 (N.D. Cal. Nov. 18, 2013) (citing *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002)). "[T]he courts must compare the financial stakes of the various plaintiffs, determine which has the most to gain from the lawsuit, and determine whether that plaintiff satisfies Rule 23, particularly its typicality and adequacy requirements." *Id*. (citing *In re Cavanaugh*, 306 F.3d at 730). The movant with the largest financial interest that satisfies Rule 23 is the "presumptive lead plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 730. "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23." *Id*. Third, the court must then consider any competing lead plaintiff movants attempts to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23. *Id.*

**B.    Dr. Vazeen Is the "Most Adequate" Lead Plaintiff.**

**1.    *Dr. Vazeen Possesses the "Largest Financial Interest."*.**

The PSLRA provides a presumption that the "most adequate plaintiff" to serve as lead plaintiff is the movant with the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I). Dr. Vazeen is entitled to that presumption because, relative to the other movants, Dr. Vazeen sustained a greater loss. In accordance with *In re Olsten Corp. Sec. Litig.* and *Lax v. First Merchants Acceptance Corp.*, "courts use the *Lax-Olsten* four-factor test to approximate economic losses: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." *Crews v. Rivian Auto., Inc.*, No. 2:22-cv-01524-RGK-Ex, 2022 U.S. Dist. LEXIS 118795, at *9 (C.D. Cal. July 1, 2022) (internal quotations removed); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997); *In re Olsten Corp. Securities Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).

Of the four factors, "[c]ourts in the Ninth Circuit have tended to give the final factor the most emphasis." *Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*, No. 17-cv-04732 VAP (KSx), 2017 U.S. Dist. LEXIS 229452, at *14 (C.D. Cal. Sep. 29, 2017). In this instance, Dr. Vazeen is the movant with the greatest loss under the most important factor, approximate loss suffered, as illustrated below:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Mehdi Vazeen, as Trustee on behalf of the Mehdi Vazeen Family Trust | 6,003 | 6,003 | $3,628,456.98 | $980,297.44 |
| Sheet Metal Workers Local No. 80 Pension Trust Fund, UA Local 13 Pension Fund, and Ohio Carpenters Pension Fund | 5,327 | 3,626 | $2,126,424.32 | $561,984.80 |
| New England Teamsters Pension Fund and the Boston Retirement System | 10,980 | 10,980 | $5,380,395.93 | $525,945.10 |
| Ron Hirji | 1,700 | 1,500 | $859,778.00 | $236,687.18 |

4

| | | | | |
|---|---|---|---|---|
| City of Sterling Heights Police & Fire Retirement | 525 | 525 | $309,230.25 | $98,385.00 |
| Dimitrios Tselepidakis | 129 | 129 | $73,684.80 | $16,522.23 |

*See* ECF Nos. 15-3; 19-4; 26-3; 30-2; 36-3; and 43-2.

Dr. Vazeen lost over $400,000 more than the next closest movant. Courts in this Circuit have concluded that any financial difference is meaningful in determining a lead plaintiff. *See, e.g.*, *Hall v. Medicis Pharm. Corp.*, No. CV-08-1821-PHX-GMS, 2009 U.S. Dist. LEXIS 24093, at *19 (D. Ariz. Mar. 10, 2009) ("[T]he Court cannot rely on the fact that the difference between Steamfitters and Rand is only a few hundred dollars. Rand has a greater financial stake in the controversy, however minute that greater stake may be in relation to the overall damage claim."); *Ferrari v. Gisch*, 225 F.R.D. 599, 605 (C.D. Cal. 2004) ("Although the Massachusetts Group concludes that the 'de minimus' difference of $26,000 should not be conclusive on the financial interest determination, the Ninth Circuit has given no indication that courts are free to ignore the statutory presumption given to the plaintiff with the "largest financial interest in the relief sought by the class.") (citing *Cavanaugh*, 306 F.3d at 732); *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) ("Neither has the Court found persuasive authority, nor have the parties provided any to the Court, suggesting that the Court should not determine that a plaintiff has largest financial share when its lead is small. To the contrary, courts in this circuit have concluded that any financial difference is meaningful in determining a lead plaintiff."). Thus, where the financial loss difference between Dr. Vazeen and the other movants is as great as it is, the importance of the fourth *Lax-Olsten* factor takes on all the more importance. *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss"); *see Waterford Twp. Gen. Emps. Ret. Sys. v. Monolithic Power Sys., Inc.*, No. C25-0220JLR, 2025 U.S. Dist. LEXIS 209398, at *9 (W.D. Wash. Aug. 25, 2025) (appointing individual where "approximate loss suffered" was "3.5 times greater than the [institutional investor]").

This conclusion is underscored by the reality that Dr. Vazeen is an individual investor and not a pension fund with a loss that accounts for a relatively small percentage of its overall holdings. Dr.

Vazeen's loss represents approximately 30% of his overall investment portfolio. Comparatively, the pension funds seeking to be appointed lead plaintiff sustained losses of just a few hundred thousand dollars, which amounts to the smallest of fractions of their overall assets under management. For example, City of Sterling Heights Police & Fire Retirement claims to have lost approximately $100,000; that equates to less than 0.04% of its overall $256 million of investments under management, according to its financial statements as of June 30, 2025. Logically, Dr. Vazeen, like other retail investors who suffered similar losses relative to their overall portfolios, is much more motivated to litigate this action than City of Sterling Heights Police & Fire Retirement or any other institutional investor who is not dependent on achieving any particular recovery in the lawsuit. *See Berg*, 2014 U.S. Dist. LEXIS 105357, at *19 ("Because his Intuitive stock represents such a large percentage of his portfolio, Berg will certainly be motivated to pursue this case vigorously."); *Garden City Emples. Ret. Sys. v. Psychiatric Sols., Inc.,* No. 3:09-cv-00882, 2010 U.S. Dist. LEXIS 42915, at *12 (M.D. Tenn. Apr. 30, 2010) ("To be sure, the plaintiff with the larger numeric loss is not automatically the plaintiff with the 'largest financial interest.' . . . some courts measure the 'largest financial interest' by a plaintiff's losses as a percentage of its assets or holdings." (citations omitted) (citing *Burke v. Ruttenberg*, 102 F. Supp. 2d 1280, 1297, 1342 (N.D. Ala. 2000)); *Laborers Local 1298 Pension Fund v. Campbell Soup Co.,* No. 00-152 (JEI), 2000 U.S. Dist. LEXIS 5481, at *5-6 (D.N.J. April 24, 2000) ("some courts measure the 'largest financial interest' by a plaintiff's losses as a percentage of its assets or holdings").

### 2.     *Dr. Vazeen Satisfies Rule 23's Typicality and Adequacy Requirements.*

Not only does Dr. Vazeen possess the largest financial interest of all movants pursuant to the PSLRA and the most important prong of the widely accepted *Olsten/Lax* Factors, but he also satisfies the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff.

Typicality exists where the claims of the representative parties "arise from the same event or practice or course of conduct that gives rise to the claims of the class members and are based on the same legal theory." *Ferrari*, 225 F.R.D. 599, 606 (internal quotations removed). Dr. Vazeen's claims are typical of those of other Class members because, like other Class members, he acquired Synopsys

6

securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Actions. Moreover, Dr. Vazeen's claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.

To satisfy the adequacy requirement at this stage of the proceedings, Dr. Vazeen must make a preliminary showing that his interests are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between his interests and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B) and 15 U.S.C. § 77z-1(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted). Dr. Vazeen has no conflicts with other Class Members, nor is there evidence of any antagonism between Dr. Vazeen's interest and those of the Class.

Finally, Dr. Vazeen has further demonstrated his adequacy by submitting a declaration in support of his Motion, attesting that he is ready, willing, and able to oversee this litigation. In the declaration, Dr. Vazeen provided his investing experience, employment, education, and experience overseeing attorneys. *See* ECF No. 15-5. Dr. Vazeen lives in Washoe Valley, Nevada, and possesses a medical degree. *Id* . He is currently employed as part owner and medical director of the Center for Advanced Eye Care in Carson City, Nevada. *Id*. Dr. Vazeen has experience overseeing attorneys, as he has hired attorneys for business-related matters. *Id*. He has been investing in the stock market for approximately 20 years. *Id*. Dr. Vazeen is the trustee of the Mehdi Vazeen Family Trust. *Id.* As trustee, he is individually authorized to act on behalf of the Trust in all respects, including this lawsuit. *Id.* All transactions in Synopsys made in the Trust's account that are the subject of the Actions were executed by Dr. Vazeen. *Id*. Further, in his certification and declaration, Dr. Vazeen states his familiarity with, and willingness to take on, the duties of a lead plaintiff and class representative under the PSLRA and Rule 23. *See* ECF Nos. 15-2; 15-5 (PSLRA Certification & Dr. Vazeen's Declaration).

Dr. Vazeen, therefore, is the movant for lead plaintiff that has the largest financial interest in the Actions and otherwise meets the requirements of Rule 23. Accordingly, Dr. Vazeen is entitled to the presumption that he is the "most adequate plaintiff" and that he should be appointed as the lead plaintiff. 15 U.S.C § 78u-4(a)(3)(B)(iii)(II) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II).

**C.      No Movant Can Rebut the Strong Presumption in Favor of Appointing Dr. Vazeen as Lead Plaintiff.**

By having timely filed a motion for appointment as the lead plaintiff, possessing the largest financial interest in the action, and sufficiently making a *prima facie* showing of typicality and adequacy, Dr. Vazeen has fulfilled the PSLRA's requirements to become the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii) and 15 U.S.C. § 77z-1(a)(3)(B)(iii) (discussing requirements to become the "most adequate plaintiff"). Dr. Vazeen, therefore, is entitled to the presumption that he shall be appointed as the lead plaintiff in the Actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) and 15 U.S.C. § 77z-1(a)(3)(B)(i) (stating the court "shall appoint as the lead plaintiff" the "most adequate plaintiff"). Dr. Vazeen's presumption as the "most adequate plaintiff" may only be rebutted upon proof by a class member that Dr. Vazeen "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II) and 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); *Cavanaugh*, 306 F.3d at 741. Absent proof rebutting the presumption, Dr. Vazeen is entitled to be appointed as the lead plaintiff. *See Hufnagle v. Rino Int'l Corp.*, No. CV 10-8695-VBFVBKX, 2011 U.S. Dist. LEXIS 19771, at *16 -26 (C.D. Cal. Feb. 14, 2011), *adopted*, No. CV 10-1754-VBFVBKX, 2011 U.S. Dist. LEXIS 19760 (C.D. Cal. Feb. 16, 2011) (appointing the most adequate plaintiff where competing movants failed to submit proof of unique defense).

It is undisputed that Dr. Vazeen has standing for the Exchange Act claims. That Dr. Vazeen may lack standing for certain Securities Act claims is a nonissue. "Nothing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action. Rather, because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim." *Hevesi*, 366 F.3d at 82 (citing In re Initial Pub. Offering Sec. Litig., 214 F.R.D. at 123). Courts in the Ninth Circuit follow *Hevesi* when assessing lead plaintiff motions. *See e.g., Schueneman v. Arena Pharms., Inc.,* Nos. 10cv1959 BTM(BLM), et. al., 2011 U.S. Dist. LEXIS 87373, at *17-18 (S.D. Cal. Aug. 8, 2011) ("The lead plaintiff does not need to have standing to sue on all causes of action raised in the underlying class complaints. [] Being a lead plaintiff

8

is not the same thing as being a class representative, and additional named plaintiffs may be added later to represent subclasses of plaintiffs with distinct interests or claims.") (citing *Hevesi,* 366 F.3d at 82); *In re CTI Biopharma Corp. Sec. Litig.*, Case No. C16-216RSL, 2016 U.S. Dist. LEXIS 119301, at *12 (W.D. Wash. Sept. 2, 2016) ("Even assuming, however, that DAFNA cannot pursue Exchange Act claims due to lack of standing, that does not preclude DAFNA from serving as lead plaintiff.").

Any argument about Dr. Vazeen's inability or commitment to prosecuting the Section 11 claims is baseless when considering that the Section 11 claim appears to be entirely derivative of the main Section 10(b) claims alleged in this action. Movant New England Teamsters Pension Fund was the first to assert Section 11 claims when it filed its complaint on November 25, 2025 (approximately a month after the *Kim* complaint was initially filed). New England's Section 11 allegation contained nothing new but instead explicitly referenced the Section 10(b) alelgations; specifically, the complaint identified the "risk factors" from the "2023 10-K" as the false and misleading statements, which were "substantially the same as the risk factors referenced in [the Section 10(b) allegations]." *New England* Complaint, ¶77. When City of Sterling Heights Police & Fire Retirement System filed their complaint on December 30, 2025 (the day of the PSLRA's 60-day deadline to file lead plaintiff motions), they asserted the same allegations. *See City of Sterling* Complaint, ¶49. Thus, the Section 11 claims rest on alleged misrepresentations that are already covered by the Section 10(b) claims. This clear overlap between the claims ensures that Dr. Vazeen will litigate both effectively and to the fullest extent of the law.

## III.    LEVI & KORSINSKY, LLP SHOULD BE APPROVED AS LEAD COUNSEL

This Court should approve Dr. Vazeen's selection of Levi & Korsinsky as Lead Counsel. The PSLRA vests authority in the lead plaintiff to select and retain lead counsel. 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-1(a)(3)(B)(v). Numerous courts throughout the country have appointed Levi & Korsinsky as lead counsel in securities class action lawsuits. *See* ECF No. 15-6. With approximately 30 attorneys across five different offices, including an office in this district, Levi & Korsinsky stands ready, willing and able to prosecute this case. *Id.*

## IV.    CONCLUSION

For the foregoing reasons, Dr. Vazeen respectfully requests that this Court: (1) consolidate the

9

actions; (2) appoint Dr. Vazeen as Lead Plaintiff for the Class in the Actions; (3) approve Levi & Korsinsky as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: January 13, 2026                Respectfully submitted,

                                       **LEVI & KORSINSKY, LLP**


                                       */s/ Adam M. Apton*
                                       Adam M. Apton (SBN 316506)
                                       1160 Battery Street East, Suite 100
                                       San Francisco, CA 94111
                                       Tel: (415) 373-1671
                                       Email: aapton@zlk.com

                                       *Attorneys for Mehdi Vazeen, as Trustee on behalf of the Mehdi Vazeen Family Trust, and Proposed Lead Counsel for the Class*