ROBBINS GELLER RUDMAN
    & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
swilliams@rgrdlaw.com

ROBBINS GELLER RUDMAN
    & DOWD LLP
DANIELLE S. MYERS (259916)
MICHAEL ALBERT (301120)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HYUNGJOON KIM, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>SYNOPSYS, INC. et al.,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 5:25-cv-09410-EKL<br><br>OHIO CARPENTERS PENSION FUND, UA LOCAL 13 PENSION FUND, AND SHEET METAL WORKERS' LOCAL NO. 80 PENSION TRUST FUND'S RESPONSE TO COMPETING LEAD PLAINTIFF MOTIONS |

4934-9180-0456.v1

The propriety of appointing the Pension Funds[1] as lead plaintiff – either on their own or as a "group of persons" together with Mehdi Vazeen as the statute expressly permits – cannot be overstated.  As the Senate Committee recognized in connection with the enactment of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), "increasing the role of institutional investors will benefit both injured shareholders and courts: 'Institutions with large stakes in class actions have much the same interests as the plaintiff class generally; thus, courts could be more confident settlements negotiated under the supervision of institutional plaintiffs were "fair and reasonable" than is the case with settlements negotiated by unsupervised plaintiffs' attorneys.'"  S. Rep. No. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690.  In any event, courts must determine, among other things, whether the lead plaintiff and their counsel will "'prosecute the action vigorously on behalf of the class.'"  *In re LendingClub Sec. Litig.*, 282 F. Supp. 3d 1171, 1182 (N.D. Cal. 2017) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)).  ***The Pension Funds are the sole movant with significant six-figure losses (and standing to bring claims) under both the Securities Exchange Act of 1934 ("1934 Act") and the Securities Act of 1933 ("1933 Act"):***

| **Movant** | **1934 Act (Section 10(b)) Loss** | **1933 Act (Section 11) Loss** |
|---|---|---|
| Mehdi Vazeen | $980,297 | $0 |
| The Pension Funds | $561,984 | $542,064 |
| ~~Boston Retirement System, New England Teamsters Pension Fund~~ (Notice of Non-Opposition, ECF 52) | ~~$525,945~~ | ~~$72,823.70~~ |
| ~~Ron Hijri~~ (Withdrawal of Motion, ECF 51) | ~~$236,687~~ | ~~$0~~ |
| City of Sterling Heights Police & Fire Retirement System | ???????[2] | $98,395 |

[1]    The Pension Funds consist of: Ohio Carpenters Pension Fund, UA Local 13 Pension Fund, and Sheet Metal Workers' Local No. 80 Pension Trust Fund.  All citations are omitted and emphasis is added, unless otherwise noted.

[2]    As the table above demonstrates, the Pension Funds suffered over $542,000 in 1933 Act losses – more than five times the 1933 Act losses claimed by Sterling Heights ($98,395).  Even if Sterling Heights had the largest 1933 Act loss (which it plainly does not), the Court should look with disfavor upon Sterling Heights' attempt to manufacture a leadership position through the filing of a

OHIO CARPENTERS PENSION FUND, UA LOCAL 13 PENSION FUND, & SHEET METAL WORKERS' LOCAL NO. 80 PENSION TRUST FUND'S RESP TO COMPETING LEAD PLTF MOTIONS - 5:25-cv-09410-EKL
4934-9180-0456.v1

- 1 -

| Dimitrios Tselepidakis | $16,522 | $16,522 |

*See Gross v. AT&T Inc.*, 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019) ("The Court finds that appointing the Investor Group (the movant with the greatest financial interest after KBC and Pro-Alpha) and ***Steamfitters, who has standing to bring both Securities Act and Exchange Act claims, as co-lead plaintiffs 'would best serve the class.' . . . The addition of Steamfitters as co-lead plaintiff better serves the overall interests of the purported class because Steamfitters, unlike the Investor Group, allegedly acquired AT&T shares as a result of AT&T's misleading registration statement and is therefore able to assert claims under the Securities Act***."); *Sayce v. Forescout Techs., Inc.*, 2020 WL 6802469, at *8 (N.D. Cal. Nov. 19, 2020) ("given the differences in the timing of when the Glazer Funds and Meitav purchased their stock (for the Glazer Funds, after the merger announcement; for Meitav, before and after the merger announcement), the Court finds it appropriate to appoint the Glazer Funds and Meitav as co-lead plaintiffs in this case").

last-minute complaint. Sterling Heights filed its complaint asserting only Securities Act claims on December 30, 2025 mere hours before the lead plaintiff deadline. However, a review of their sworn Certification – which it inexplicably did not file with its lead plaintiff motion – reveals it was executed on **December 16, 2025**, two weeks prior to filing its complaint. *See City of Sterling Heights Police & Fire Retirement System v. Synopsys, Inc.*, No. 5:25-cv-11059, ECF 1 at 20-21 (N.D. Cal. Dec. 20, 2025). This delay suggests Sterling Heights sat on its complaint to survey the field, ultimately filing a narrow 1933 Act-only complaint at the eleventh hour to engineer a "niche" subclass it now contends it should lead, rather than competing on the merits of the broader action. The Court should be "hesitant to encourage lead plaintiff movants to file complaints . . . in the eleventh hour, thereby precluding similarly-situated potential movants from identifying themselves to the Court." *Maliarov v. Eros Int'l PLC*, 2016 WL 1367246, at *4 (S.D.N.Y. Apr. 5, 2016). Indeed, a "principal purpose of the PSLRA was to prevent just the kind of gamesmanship in which [movant] and its counsel have engaged here." *Gutman v. Sillerman*, 2015 WL 13791788, at *3 (S.D.N.Y. Dec. 8, 2015) ("I would not select WGOF as lead plaintiff, or its counsel as lead counsel, in any event. They engaged in chicanery in order to try to get WGOF into the game when time was expiring."); *see also Villare v. ABIOMED, Inc.*, 2020 WL 3497285, at *5 (S.D.N.Y. June 29, 2020) (denying movant's attempt to increase its alleged loss by expanding the class period "hours before the statutory sixty-day window closed" because such maneuvering demonstrated "a risk that the longer class period [was] a product of gamesmanship"). By parsing out the 1933 Act claims solely to create a lane for itself, Sterling Heights engages in the exact type of lawyer-driven maneuvering the PSLRA was designed to curb. In short, Sterling Heights is "not the largest stakeholder in the consolidated action, and, by its own definition, it is not typical of the entire class of plaintiffs. Metaphorically speaking, [Sterling Heights is] simply trying to shrink the kingdom until they are king." *In re Century Bus. Servs. Sec. Litig.*, 202 F.R.D. 532, 536 (N.D. Ohio 2001). Just because Sterling Heights filed a 1933 Act-only complaint "does not yield the conclusion that [they] should be lead plaintiff for all or part of this matter." *Id.* Their unexplained delay in filing, coupled with their inability to represent the 1934 Act class independently renders them an inadequate lead plaintiff compared to the Pension Funds, who filed timely and represent the interests of the entire class.

The Pension Funds are uniquely qualified to lead this litigation because they possess standing to assert every claim alleged in the action. Indeed, unlike any of the remaining movants, the Pension Funds purchased Synopsys shares on the open market and acquired shares through the merger.  This allows the Pension Funds to vigorously prosecute both the fraud-based 1934 Act claims and the strict-liability 1933 Act claims under a unified leadership structure.

The Pension Funds' adequacy is further evidenced by their selection of counsel with a trial office in this District as well as a long track record of success representing shareholders in this Court.  Over the last two years, lead plaintiffs represented by Robbins Geller as lead counsel have obtained final approval of securities class action settlements of more than $1 billion in this District. *See In re Apple Inc. Sec. Litig.*, No. 4:19-cv-02033-YGR (N.D. Cal.)  ($490 million recovery on behalf of Apple investors); *In re Alphabet, Inc. Sec. Litig.*, No. 3:18-cv-06245-TLT (N.D. Cal.) ($350 million recovery on behalf of Alphabet investors); *In re Zoom Sec. Litig.*, No. 3:20-cv-02353-JD (N.D. Cal.) ($150 million recovery on behalf of Zoom investors);   *Lamartina v. VMware, Inc.,* No. 5:20-cv-02182-EJD (N.D. Cal.) ($102.5 million recovery on behalf of VMWare investors); *see also  In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314 (N.D. Cal.) ($809.5 million recovery obtained in 2022 for shareholders; the largest PSLRA recovery in more than a decade in the Ninth Circuit and the second-largest ever in the Circuit); *Purple Mountain Tr. v. Wells Fargo & Co.*, No. 3:18-cv-03948 (N.D. Cal.) ($300 million recovery obtained for shareholders in 2023).  In sum, there will be no proof that the Pension Funds have not made the requisite showing that they, and their counsel, can vigorously prosecute a PSLRA action on behalf of the class.

Moreover, it is not coincidental that when serving as lead plaintiff, institutional investors regularly obtain greater recoveries for the classes they represent than individual investors:[3]

---

[3]     *See* Cornerstone Research, Securities Class Action Settlements, 2022 Review and Analysis.

OHIO CARPENTERS PENSION FUND, UA LOCAL 13 PENSION FUND, & SHEET METAL WORKERS' LOCAL NO. 80 PENSION TRUST FUND'S RESP TO COMPETING LEAD PLTF MOTIONS - 5:25-cv-09410-EKL

- 3 -

4934-9180-0456.v1



Figure 11: Median Settlement Amounts and Institutional Investors 2013–2022 (Dollars in millions)

In fact, 91 of the top 100 securities class action recoveries since 1995 were obtained by institutional investors:[4]



It is also important to recognize that the vast majority of complex securities cases take years to conclude, and – even more importantly – the evidence shows that recoveries in securities cases

---

[4]    *See* ISS SCAS, *The Top 100 U.S. Class Action Settlements of All-Time* (as of Dec. 31, 2022).



OHIO CARPENTERS PENSION FUND, UA LOCAL 13 PENSION FUND, & SHEET METAL WORKERS' LOCAL NO. 80 PENSION TRUST FUND'S RESP TO COMPETING LEAD PLTF MOTIONS
- 5:25-cv-09410-EKL                                                                                          - 4 -
4934-9180-0456.v1

increase dramatically as lead plaintiffs compel counsel to invest in and prepare cases for trial:[5]

Figure 12: Median Settlement by Duration from Filing Date to Settlement Hearing Date
2013–2022
(Dollars in millions)

Note: Settlement dollars are adjusted for inflation; 2022 dollar equivalent figures are presented. "N" refers to the number of cases.

Recent securities class actions highlight the risk to class members of having a single, individual-lead plaintiff serving as a PSLRA lead plaintiff.  In each case, the lone individual appointed lead plaintiff was unable to actually represent the class, leaving the class devoid of representation.  *See In re eHealth, Inc. Sec. Litig.*, No. 4:20-cv-02395-JST, ECF 113 (N.D. Cal. Nov. 9, 2022) (appointing institutional investor as lead plaintiff after reopening lead plaintiff process upon individual lead plaintiff's death); *In re Nutanix, Inc. Sec. Litig.*, 2021 WL 783579 (N.D. Cal. Mar. 1, 2021) (reopening lead plaintiff process and appointing institutional investor to replace individual who withdrew as lead plaintiff).  As institutions that have made actual showings of adequacy as lead plaintiff, have experience serving as lead plaintiff in securities litigation, and whose existences are perpetual, the Pension Funds' appointment ensures that this case will be vigorously prosecuted from beginning to end without interruption, regardless of its duration.  *See e.g. Odeh v. Immunomedics, Inc.*, 2019 WL 8091604, at *3 (D.N.J. Sept. 10, 2019) (appointing institution as co-lead plaintiff because the individual investor "'will be able to benefit from the investment experience of [the institution], as an institutional investor,'" and finding that "'the appointment of both institutional

---

[5]    *See* Cornerstone Research, Securities Class Action Settlements, 2022 Review and Analysis.

investors . . . and individual investors *with large financial interests*" satisfies "'one of the goals of the PSLRA.'").

Thus, while Mr. Vazeen claims to have suffered greater losses on the 1934 Act claims alleged in the case, the Pension Funds have significant six-figure losses and standing to assert both the 1934 Act claims and the 1933 Act claims.  Moreover, the Pension Funds made the requisite showing of adequacy, *i.e.*, that they can (and will) actually vigorously prosecute the action on behalf of the class.

The Pension Funds should be appointed as a lead plaintiff in this litigation.

DATED:  January 13, 2026                    Respectfully submitted,

ROBBINS GELLER RUDMAN
    & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY

                                        s/Michael Albert
                                    MICHAEL ALBERT

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

ROBBINS GELLER RUDMAN
    & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
swilliams@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

OHIO CARPENTERS PENSION FUND, UA LOCAL 13 PENSION FUND, & SHEET METAL
WORKERS' LOCAL NO. 80 PENSION TRUST FUND'S RESP TO COMPETING LEAD PLTF MOTIONS
- 5:25-cv-09410-EKL                                                        - 6 -
4934-9180-0456.v1

ASHERKELLY
MICHAEL J. ASHER
JACQUELINE A. KELLY
25800 Northwestern Highway, Suite 1100
Southfield, MI 48075
Telephone: 248/746-2710
masher@asherkellylaw.com
jkelly@asherkellylaw.com

WATKINS, PAWLICK, CALATI
   & PRIFTI, PC
JOSEPH PAWLICK
EDMOND PRIFTI
1423 E. Twelve Mile Road
Madison Heights, MI 48071
Telephone: 248/658-0797
jpawlick@wpcplaw.com
eprifti@wpcplaw.com

Additional Counsel

OHIO CARPENTERS PENSION FUND, UA LOCAL 13 PENSION FUND, & SHEET METAL
WORKERS' LOCAL NO. 80 PENSION TRUST FUND'S RESP TO COMPETING LEAD PLTF MOTIONS
- 5:25-cv-09410-EKL

- 7 -

4934-9180-0456.v1