Adam M. Apton (SBN 316506)
LEVI & KORSINSKY, LLP
aapton@zlk.com
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel.: (415) 373-1671

*Attorneys for Lead Plaintiff Movant Mehdi
Vazeen and Proposed Lead Counsel for the
Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| HYUNGJOON KIM, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> SYNOPSYS, INC., SASSINE GHAZI, and SHELAGH GLASER, <br><br> Defendants. | Case No. 5:25-cv-09410-EKL <br><br> **MEHDI VAZEEN, AS TRUSTEE ON BEHALF OF THE MEHDI VAZEEN FAMILY TRUST'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY AND FURTHER SUPPORT OF HIS MOTION FOR: (1) CONSOLIDATION OF THE ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL** <br><br> Date:      April 29, 2026 <br> Time:      10:00 a.m. <br> Courtroom:   7-4th Floor <br> Judge:   Hon. Eumi K. Lee |

[*Captions continued on following page*]

NEW ENGLAND TEAMSTERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

SYNOPSYS, INC., SASSINE GHAZI, SHELAGH GLASER, SUDHINDRA KANKANWADI, AART J. DE GEUS, LUIS BORGEN, MARC N. CASPER, JANICE D. CHAFFIN, BRUCE R. CHIZEN, MERCEDES JOHNSON, ROBERT G. PAINTER, JEANNINE P. SARGENT, JOHN G. SCHWARZ, and ROY VALLEE,

Defendants.

Case No. 5:25-cv-10201-EKL

Judge: Honorable Eumi K. Lee
Courtroom: 7-4th Floor
Trial Date: None set

CITY OF STERLING HEIGHTS POLICE & FIRE RETIREMENT SYSTEM, Individually and On Behalf of All Others Similarly Situated,

Plaintiff,

v.

SYNOPSYS, INC., SASSINE GHAZI, SHELAGH GLASER, SUDHINDRA KANKANWADI, AART J. DE GEUS, LUIS BORGEN, MARC N. CASPER, JANICE D. CHAFFIN, BRUCE R. CHIZEN, MERCEDES JOHNSON, ROBERT G. PAINTER, JEANNINE P. SARGENT, JOHN G. SCHWARZ, and ROY VALLEE,

Defendants.

Case No. 5:25-cv-11059-EKL

Judge: Honorable Eumi K. Lee
Courtroom: 7-4th Floor
Trial Date: None set

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT .........................................................................................1

II.   ARGUMENT ..............................................................................................................2

    A.    Dr. Vazeen Can Represent the Class Without Conflict. .................................2

        1.    *There Is No Conflict Between the Securities Act and the Exchange Act Claims.* .......................................................................................................2

        2.    *Dr. Vazeen Does Not Need "Standing" for Every Claim* ...................3

    B.    The Court Should Deny Sterling Heights PFRS's Request for Reissuance of Notice ...4

III.  CONCLUSION ............................................................................................................5

**TABLE OF AUTHORITIES**

**Cases**

*In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*,
  Master File No. 09 MD 2058 (PKC), et. al., 2012 U.S. Dist. LEXIS
  53878(S.D.N.Y. Apr. 16, 2012)......................................................................................3

*Bousso v. Spire Glob., Inc.*,,
  No. 1:24-cv-01458-MSN-WEF, 2024 U.S. Dist. LEXIS 213229 (E.D. Va. Nov.
  21, 2024) ........................................................................................................................5

*In re Cavanaugh*,
  306 F.3d 726 (9th Cir. 2002) .......................................................................................1, 2

*In re Country Fin. Corp. Sec. Litig.*,
  588 F. Supp. 2d 1132 (C.D. Cal. 2008) ..........................................................................3

*In re CTI Biopharma Corp. Sec. Litig.*,
  Case No. C16-216RSL, 2016 U.S. Dist. LEXIS 119301 (W.D. Wash. Sept. 2,
  2016) ...............................................................................................................................4

*Evellard v. LendingClub Corp.*,
  No. C 16-02627 WHA, et. al., 2016 U.S. Dist. LEXIS 107873 (N.D. Cal. Aug. 15,
  2016) ...............................................................................................................................5

*In re Global Crossing, Ltd. Sec. Litig.*,
  313 F. Supp. 2d 189 (S.D.N.Y. 2003)..............................................................................3

*Hevesi v. Citigroup, Inc.*,
  366 F.3d 70 (2d Cir. 2004)....................................................................................1, 3, 4

*Hom v. Vale, S.A.*,
  No. 1:15-cv-9539-GHW, 2016 U.S. Dist. LEXIS 28863 (S.D.N.Y. Mar. 7, 2016)........4

*Hunt v. Bloom Energy Corp.*,
  No. 19-cv-02935-HSG, 2021 U.S. Dist. LEXIS 54984 (N.D. Cal. Mar. 23, 2021) ........3

*In re Initial Pub. Offering Sec. Litig.*,
  214 F.R.D. 117 (S.D.N.Y. 2002) .....................................................................................3

*In re Surebeam Corp. Sec. Litig.*,
  No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Dec. 31,
  2003) ...............................................................................................................................4

*Khunt v. Alibaba Grp. Holding Ltd.*,
  102 F. Supp. 3d 523 (S.D.N.Y. 2015)..............................................................................4

*In re Peregrine Sys., Inc. Sec. Litig.*,
  Civil No. 02cv870-J (RBB), 2002 U.S. Dist. LEXIS 27690 (S.D. Cal. Oct. 11,
  2002) ...............................................................................................................................3

*Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*,
  256 F.R.D. 620 (E.D. Wis. 2009) ....................................................................................5

*In re PMA Capital Corp. Sec. Litig.*,
   Master File No. 03-6121, 2005 U.S. Dist. LEXIS 15696 (E.D. Pa. July 27, 2005) .........................1

*Schueneman v. Arena Pharms., Inc.*,
   Case Nos. 10cv1959 BTM(BLM), et. al., 2011 U.S. Dist. LEXIS 87373 (S.D. Cal.
   Aug. 8, 2011) .................................................................................................................................4

*In re ShengdaTech, Inc. Secs. Litig.,*
   No. 11 CIV. 1918 TPG, 2011 U.S. Dist. LEXIS 141695 (S.D.N.Y. Dec. 6, 2011) .........................4

*In re STEC Inc.*,
   No. SACV 09-01304-JVS (MLGx), 2012 U.S. Dist. LEXIS 186180 (C.D. Cal.
   Mar. 7, 2012).................................................................................................................................3

*Tanne v. Autobytel, Inc.*
   226 F.R.D. 659, 666 (C.D. Cal. 2005) .........................................................................................2

*Thomas v. MagnaChip Semiconductor Corp.*,
   No. 14-cv-01160-JST, 2015 U.S. Dist. LEXIS 77288 (N.D. Cal. June 15, 2015) ......................2, 4

*Tollen v. Geron Corp.,*
   No. C 20-00547 WHA, et. al., 2020 U.S. Dist. LEXIS 85248 (N.D. Cal. May 14,
   2020) .............................................................................................................................................5

*Xu v. Gridsum Holding, LLC*
   2018 U.S. Dist. LEXIS 158497 (S.D.N.Y. Sep. 17, 2018)...............................................................4

**Statutes**

15 U.S.C. § 78u-4 ..................................................................................................................................1

iii

## I.    PRELIMINARY STATEMENT

Dr. Mehdi Vazeen, as Trustee on behalf of the Mehdi Vazeen Family Trust, is the "presumptive" lead plaintiff. This is because he possesses the "largest financial interest" in the outcome of the litigation and has made the necessary *prima facie* showings of typicality and adequacy under Federal Rule of Civil Procedure 23. Once the lead plaintiff presumption is triggered, a competing movant can attempt to rebut it with "proof" of inadequacy. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). The competing movants here—(i) City of Sterling Heights Police & Fire Retirement ("Sterling Heights PFRS") and (ii) Ohio Carpenters Pension Fund, UA Local 13 Pension Fund, and Sheet Metal Workers' Local No. 80 Pension Trust Fund (the "Pension Funds")—do not carry their burden in this regard.

Sterling Heights PFRS argues that Dr. Vazeen is not the presumptive lead plaintiff for three reasons. First, Sterling Heights PFRS argues that Dr. Vazeen, and most of the other movants, should not be appointed lead plaintiff because, "each assert losses from their open-market purchases of Synopsys common stock, rendering them conflicted by competing incentives to prioritize one class's claims over the other." *See* ECF No. 53, p.5. (Sterling Heights PFRS's Opposition Brief). Second, it argues that Dr. Vazeen, "lack[s] standing to represent the Securities Act Class because [he] did not acquire Synopsys shares in exchange for Ansys shares in the Acquisition." *Id*. These arguments are unsupported by the case law. Dr. Vazeen can represent the entirety of the class in this litigation. "The PSLRA does not require that the lead Plaintiffs have standing to sue on every available cause of action." *In re PMA Capital Corp. Sec. Litig*., 2005 U.S. Dist. LEXIS 15696, at *58 (E.D. Pa. July 27, 2005) (citing *Hevesi v. Citigroup, Inc*., 366 F.3d 70, 82-83 (2d Cir. 2004) (refusing to adopt a per se rule that district courts must choose a lead plaintiff with standing to sue on every available cause of action)). Finally, Sterling Heights PFRS suggests that reissuing notice is necessary despite the fact that potential class members have been on notice of the pending Securities Act claims since November 25, 2025. On this point, too, Sterling Heights PFRS's argument is unsupported by the case law. The earlier notices already issued in this case—which included notice of the Securities Act claims—make it unlikely that "individuals who could now be considered potential lead plaintiffs would have disregarded the earlier notice or that proceeding without republication would potentially exclude qualified movants from the

lead plaintiff selection process." *Thomas v. MagnaChip Semiconductor Corp.*, No. 14-cv-01160-JST, 2015 U.S. Dist. LEXIS 77288, at \*15 (N.D. Cal. June 15, 2015).

The Pension Funds likewise fail to rebut Dr. Vazeen's presumptive status as the lead plaintiff. In addition to raising the same meritless standing argument asserted by Sterling Heights PFRS, they suggest that their status as "institutional investors" somehow entitles them to appointment as lead plaintiff notwithstanding Dr. Vazeen's presence in the litigation. The case law makes clear that being an institutional investor does not trump the PSLRA's statutory directives or otherwise constitute "proof" of inadequacy. *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 672 (C.D. Cal. 2005) (holding "[institution] is not entitled, under the Reform Act and controlling Ninth Circuit precedent, to be appointed lead plaintiff simply because [it is an institutional investor]"). For these reasons, Dr. Vazeen's motion should be granted.

## II.    ARGUMENT

### A.    Dr. Vazeen Can Represent the Class Without Conflict.

#### 1.    *There Is No Conflict Between the Securities Act and the Exchange Act Claims.*

The Securities Act claim is completely embodied by the Exchange Act claim. The complaints filed in *New England Teamsters Pension Fund v. Synopsys, Inc., et al.,* No. 3:25-cv-10201-JD (the "*NETPF* Action"), and *City of Sterling Heights Police & Fire Retirement System v. Synopsys, Inc., et al.,* No. 3:25-cv-11059-JD (the "*Sterling Heights PFRS* Action"), identify the "risk factors" in the 10-K as the false/misleading statement giving rise to the Securities Act claim. *See NETPF* Action, ECF No. 1 at ¶¶ 44, 77; and *Sterling Heights PFRS* Action, ECF No. 1 at ¶¶ 44, 49. Those "risk factors" are also alleged to have been false/misleading in the initial action which asserted Exchange Act claims only. *See Kim* Action, ECF No. 1 at ¶¶19-20. Thus, Dr. Vazeen has every incentive to prosecute the falsity of those statements and, in turn, the Securities Act claim.

The cases that Sterling Heights PFRS cites in its opposition brief are inapposite. Only the *Peregrine* and *STEC* cases are within this Circuit. Contrary to *Peregrine*, this case does not include Securities Act claims based on unregistered or restricted stock gained from mergers that open market purchasers could not readily access while the Exchange Act claims were only brought by open market purchasers. *In re Peregrine Sys., Inc. Sec. Litig.*, Civil No. 02cv870-J (RBB), 2002 U.S. Dist. LEXIS

2

27690, at *39 (S.D. Cal. Oct. 11, 2002). Further, the court in *STEC Inc.* reasoned that, "while the individual 'lead plaintiff' in a securities action under the PSLRA need not have standing to bring all claims asserted in a class action complaint, at the class certification stage, the lead plaintiff must identify and include named plaintiffs who have standing to bring all the claims asserted." *In re STEC Inc.*, No. SACV 09-01304-JVS (MLGx), 2012 U.S. Dist. LEXIS 186180, at *18-19 (C.D. Cal. Mar. 7, 2012).

To the extent additional representation becomes necessary, the lead plaintiff can remedy such issues by relying on named plaintiffs. *In re Bank of Am. Corp. Sec., Derivative, & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 2012 U.S. Dist. LEXIS 53878, at *22-23 (S.D.N.Y. Apr. 16, 2012) ("the PSLRA vests lead plaintiffs with control over the litigation as a whole, including authority to name additional class plaintiffs to resolve standing concerns"); *Hunt v. Bloom Energy Corp.*, No. 19-cv-02935-HSG, 2021 U.S. Dist. LEXIS 54984, at *4-6 (N.D. Cal. Mar. 23, 2021) (denying motion to strike additional named plaintiffs because "[t]he Court agrees with Plaintiffs that the additions are permissible and consistent with the Lead Plaintiff's duties"); *In re Country Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1157 (C.D. Cal. 2008) (the PSLRA does not require lead plaintiff to have standing to assert all claims of class so long as they "identify and include named plaintiffs who have standing" (quoting *In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d at 205 (S.D.N.Y. 2003)).  The Pension Funds have already expressed their willingness to work together with Dr. Vazeen to achieve this solution. *See* ECF No. 56 at p.1 (The Pension Funds' Opposition Brief) ("The propriety of appointing the Pension Funds as lead plaintiff – either on their own or as a "group of persons" together with Mehdi Vazeen as the statute expressly permits – cannot be overstated.").

### 2.    *Dr. Vazeen Does Not Need "Standing" for Every Claim*

The case law does not require a lead plaintiff to have standing to prosecute every claim. *See Hevesi*, 366 F.3d 70, 82 ("because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim") (citing *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 123 (S.D.N.Y. 2002)); *Schueneman v. Arena Pharms., Inc.*, Case Nos. 10cv1959 BTM(BLM), et. al., 2011 U.S. Dist. LEXIS 87373, at *17 (S.D. Cal. Aug. 8, 2011) ("The lead plaintiff does not need to have standing to sue on all causes of action raised in the underlying class

3

complaints. [] Being a lead plaintiff is not the same thing as being a class representative, and additional named plaintiffs may be added later to represent subclasses of plaintiffs with distinct interests or claims.") (citing *Hevesi*, 366 F.3d at 82); *In re CTI Biopharma Corp. Sec. Litig.*, Case No. C16-216RSL, 2016 U.S. Dist. LEXIS 119301, at *12 (W.D. Wash. Sept. 2, 2016) ("Even assuming, however, that DAFNA cannot pursue Exchange Act claims due to lack of standing, that does not preclude DAFNA from serving as lead plaintiff."). Consequently, Dr. Vazeen should not disqualified on this basis, especially in light of the fact that the Securities Act claims arise from the "risk factors" contained in the Form 10-K at issue in the Exchange Act claims. The case law on this point also counsels against creating a "subclass" at this time. *See Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 541 (S.D.N.Y. 2015) ("The fact that plaintiffs might have different types of securities does not require a separate class or co-lead plaintiffs because lead plaintiffs need not satisfy all elements of standing with respect to the entire lawsuit under the PSLRA."); *In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022, at *28 (S.D. Cal. Dec. 31, 2003) ("the majority of courts have refused to appoint niche lead plaintiffs, arguing that such a practice defeats the PSLRA's goal of 'minimizing lawyer-driven litigation'").

**B.      The Court Should Deny Sterling Heights PFRS's Request for Reissuance of Notice**

Republication of notice is required only when the existing notice is insufficient. *In re ShengdaTech, Inc. Secs. Litig.,* No. 11 CIV. 1918 TPG, 2011 U.S. Dist. LEXIS 141695, at *8 (S.D.N.Y. Dec. 6, 2011) (new notice not required noting "[c]ourts, however, disfavor republication of notice under PSLRA when a class period is extended beyond the period contained in the first-filed securities class action."); *Thomas*, 2015 U.S. Dist. LEXIS 77288, at *11-12 ("In general, republication is not required where a complaint expands the class period."); *Lax v. First Merchs. Acceptance Corp.*, Case No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *12 (N.D. Ill. Aug. 6, 1997) ("If a later action asserts substantially the same claims, no new notice is required."); *Xu v. Gridsum Holding, LLC,* No. 18 Civ. 3655 (ER), 2018 U.S. Dist. LEXIS 158497, at *11 (S.D.N.Y. Sep. 17, 2018) (taking no issue with new complaint filed day of lead plaintiff deadline expanding class period backwards approximately seven months); *Hom v. Vale, S.A.,* No. 1:15-cv-9539-GHW, 2016 U.S. Dist. LEXIS 28863, at *12 (S.D.N.Y. Mar. 7, 2016) (finding original notice adequate despite subsequent actions filed one week before lead

4

plaintiff deadline expanding class period more than sixteen months); *Bousso v. Spire Glob., Inc.*, No. 1:24-cv-01458-MSN-WEF, 2024 U.S. Dist. LEXIS 213229, at *10 (E.D. Va. Nov. 21, 2024) (rejecting republication argument because "both complaints and both class periods allege precisely the same accounting and internal control failures by Spire, and any shareholder affected by the alleged fraud would not have been" likely to disregard the original notice). Synopsis shareholders have been on notice of the Securities Act claims since November 25, 2025 when the *NETPF* Action was filed. The notice issued at that time made clear that shareholders who received Synopsys stock in exchange for their Ansys shares were eligible to seek lead plaintiff status. *See* Exh. A, *NETPF* Action Notice.

Given that notice of the Securities Act claims had been pending for over a month before the deadline for lead plaintiff motions, there is no need to reissue notice. Indeed, Sterling Heights PFRS fails to articulate why a new notice is necessary or what additional information it would contain if a new notice were issued. To the contrary, the record shows that shareholders received plenty of notice about the Securities Act claims way in advance of the deadline. *See* Exh. B, press releases advertising Securities Act claims. Sterling Heights PFRS's argument is also undermined by the fact that it waited until the last possible moment to file their case, suggesting that "gamesmanship" is driving its litigation strategy. *See Plumbers & Pipefitters Local 562 Pension Fund v. MGIC Inv. Corp.*, 256 F.R.D. 620, 625 (E.D. Wis. 2009) (noting "unscrupulous movants" attempting to "manipulate the lead plaintiff determination"). *See also Tollen v. Geron Corp.,* No. C 20-00547 WHA, et. al., 2020 U.S. Dist. LEXIS 85248, at *12-13 (N.D. Cal. May 14, 2020) (PSLRA meant "to prevent lawyer-driven litigation, and to ensure that the lead plaintiff is the one who actively manages the litigation"); *Evellard v. LendingClub Corp.,* No. C 16-02627 WHA, et. al., 2016 U.S. Dist. LEXIS 107873, at *10 (N.D. Cal. Aug. 15, 2016) (warning lead plaintiff candidates may "stretch or shrink the class period in order to jockey for position").

## III.    CONCLUSION

For the foregoing reasons, Dr. Vazeen respectfully requests that this Court: (1) consolidate the actions; (2) appoint Dr. Vazeen as Lead Plaintiff for the Class in the Actions; (3) approve Levi & Korsinsky as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: January 20, 2026

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com

*Attorneys for Mehdi Vazeen, as Trustee on behalf of the Mehdi Vazeen Family Trust, and Proposed Lead Counsel for the Class*

6