M. Elizabeth Graham (SBN 143085)
GRANT & EISENHOFER P.A.
2325 Third Street, Suite 329
San Francisco, CA 94107
Tel.: (415) 229-9720
Fax: (415) 789-4367
Email: egraham@gelaw.com

[Additional counsel appear below]

*Counsel for City of Sterling Heights Police &*
*Fire Retirement System*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| HYUNGJOON KIM, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SYNOPSYS, INC., SASSINE GHAZI, and SHELAGH GLASER,<br><br>Defendants. | Case No. 25-cv-9410-EKL<br><br>MEMORANDUM OF POINTS AND AUTHORITIES (i) IN FURTHER SUPPORT OF STERLING HEIGHTS PFRS'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND (ii) IN REPLY TO COMPETING MOVANTS' OPPOSITIONS<br><br><u>CLASS ACTION</u><br><br>Date: April 29, 2026<br>Time: 10:00 a.m.<br>Courtroom: 7, 4th Floor<br>Judge: Hon. Eumi K. Lee |

## MEMORANDUM OF POINTS AND AUTHORITIES

Proposed Lead Plaintiff of the Securities Act Class,[1] City of Sterling Heights Police & Fire Retirement System ("Sterling Heights PFRS"), respectfully submits this Memorandum of Points and Authorities in further support of the Motion of Sterling Heights PFRS for Appointment as Lead Plaintiff and Approval of Lead Counsel (ECF No. 42) (the "Motion"), and in reply to the oppositions submitted by (i) Mehdi Vazeen, as Trustee on Behalf of the Mehdi Vazeen Family Trust ("Vazeen") (ECF No. 54); and (ii) Ohio Carpenters Pension Fund, UA Local 13 Pension Fund, and Sheet Metal Workers' Local No. 80 Pension Trust Fund (collectively, the "Pension Funds") (ECF No. 56).

## I.    PRELIMINARY STATEMENT

This reply presents a narrow issue: whether investors asserting Securities Act Claims arising from a stock-for-stock merger can be adequately represented by a lead plaintiff asserting Exchange Act Claims arising from open-market purchases, where the two classes have divergent and conflicting interests. They cannot. Open-market purchasers of Synopsys stock and acquirers in the merger exchange were harmed by different alleged misstatements under different statutory schemes and therefore face fundamentally conflicting litigation incentives. Further, any inflation in Synopsys's stock price arguably benefited certain Synopsys open-market purchasers. One lead plaintiff cannot represent both sets of shareholders and the PSLRA does not require unitary leadership in these circumstances. Accordingly, Sterling Heights PFRS seeks issuance of a new lead plaintiff notice period for the Securities Act Class or, alternatively, appointment as Lead Plaintiff for a separate Securities Act Class.

## II.    STATEMENT OF ISSUES IN REPLY

1.    Whether the Securities Act Class can be adequately represented by a lead plaintiff asserting Exchange Act Claims given the fundamental conflict between the two classes.

---

[1] All capitalized terms not otherwise defined herein have the meanings ascribed to them in Sterling Heights PFRS's Motion (ECF No. 42).

1

## III.    STATEMENT OF RELEVANT FACTS

Sterling Heights PFRS filed its Motion on December 30, 2025, along with five other movants.  *See* ECF Nos. 15, 19, 25, 29, and 35.  Since then, one movant has withdrawn (ECF No. 51), one has filed a notice of non-opposition (ECF No. 52), and one has filed a "response" that effectively constitutes a non-opposition, acknowledging that it has standing to pursue the Securities Act Claims but that other movants have suffered larger losses (ECF No. 55).  Two movants—Vazeen and the Pension Funds—have opposed Sterling Heights PFRS's Motion (*see* ECF Nos. 54, 56), and Sterling Heights PFRS has opposed their motions (ECF No. 53).

## IV.    ARGUMENT

### A.    The Conflict Between the Exchange Act Class and the Securities Act Class Requires Separate Securities Act Class Representation

#### 1.    Vazeen Cannot Adequately Represent the Securities Act Class

Vazeen cannot adequately represent the Securities Act Class because he, as a solely open-market purchaser of Synopsys shares, lacks standing to assert Securities Act Claims. More importantly, the conflict between the Exchange Act Class and the Securities Act Class renders his representation of both classes inadequate.

In his opposition, Vazeen argues that his lack of standing is a "nonissue" (ECF No. 54 at 8) and relies on *Hevesi v. Citigroup Inc.*, 366 F.3d 70 (2d Cir. 2004).  That reliance is misplaced. *Hevesi*, a class certification decision, addresses the certification of a class comprised of both stockholders and bondholders whose interests were deemed to be perfectly aligned in pursuing the underlying claims.  *Id*. at 81–85.  There, the court approved the addition of class representatives at the class certification stage to cure any claimed standing concerns.  *Id*. at 81–83.  But the Court did not address any fundamental conflict between the purported classes or class representatives.  *Id*. at 81–85.  While the *Hevesi* court held that a potential difference in the application of the fraud-on-the-market doctrine as between different claimants would not defeat class certification, it did not address the type of fundamental conflict present here.  Nor does Vazeen address anywhere in his brief the specific conflicts presented here where, for example,

2

inflated Synopsys shares were used to pay for valuable Ansys assets, and the proof of one set of claimants may disadvantage another set of claimants.

Here, by contrast, the case is at the lead plaintiff stage, and the litigation is in its infancy. The question now is not whether representation gaps might be patched later at class certification, but whether the Court should structure leadership from the outset to ensure that both the Exchange Act Class and the Securities Act Class are adequately and independently represented— particularly where the conflict between the putative classes is apparent at the outset. *Hevesi* confirms that courts may, and sometimes must, adjust representation to ensure standing and adequacy; it does not require courts to postpone that determination until class certification when a fundamental conflict is evident at the outset.

The other cases cited by Vazeen reinforce that conclusion. In *Schueneman v. Arena Pharmaceuticals*, *Inc.,* the court rejected a request for co-leadership where all claims arose under the Exchange Act, and held that speculative future standing or class certification issues alone did not render the presumptive lead plaintiff inadequate. Case Nos. 10cv1959 BTM(BLM), et al., 2011 U.S. Dist. LEXIS 87373, at *17–18 (S.D. Cal. Aug. 8, 2011). And in *In re CTI Biopharma Corp. Securities Litigation*, the court rejected a competing movant's attempt to rebut the PSLRA presumption, emphasizing that, unlike the case at hand, the competing movant offered no basis to suggest that the interests of different investor groups were misaligned. Case No. C16-216RSL, 2016 U.S. Dist. LEXIS 119301, at *13 (W.D. Wash. Sept. 2, 2016) (the competing movant "has not presented proof that the interests of class members who purchased preferred stock … are not aligned with those who purchased common stock on the open market.").

Here, the conflict between the Exchange Act Class and the Securities Act Class is structural, present, and apparent now, making separate Securities Act representation necessary at the lead plaintiff stage to ensure adequate and conflict-free advocacy from the outset. That conflict can be addressed through separate leadership. Vazeen's claims arise solely from open-market purchases and align with the Exchange Act Class, for which he has the largest financial interest, while Sterling Heights PFRS's claims arise exclusively from shares acquired in the

MEMORANDUM OF POINTS AND AUTHORITIES (i) IN FURTHER SUPPORT OF STERLING HEIGHTS PFRS'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND (ii) IN REPLY TO COMPETING MOVANTS' OPPOSITIONS – No. 25-cv-9410-EKL

Acquisition and align with the Securities Act Class, for which it has the largest financial interest of non-conflicted movants. Appointing separate lead plaintiffs would ensure that each class is represented by a conflict-free plaintiff with aligned incentives from the beginning of the case.

### B. The Pension Funds Cannot Adequately Represent the Securities Act Class

The Pension Funds' opposition fares no better. They assert that they are uniquely suited to lead because they have standing to assert both Exchange Act and Securities Act Claims, yet they do not address the conflict between the Exchange Act Class and the Securities Act Class raised in Sterling Heights PFRS's Motion. *See* ECF No. 56. Instead, the Pension Funds attempt to shift the focus away from the conflict by accusing Sterling Heights PFRS of "manufactur[ing] a leadership position" through the filing of a purportedly "last-minute" complaint asserting only Securities Act Claims. *Id*. at 1–2 n.2. The Pension Funds' argument makes no sense. The Securities Act Class had notice of the Securities Act Claims and the December 30, 2025 lead plaintiff deadline as of November 25, 2025, when the Pension Funds published their notice. *See* ECF No. 43-1. The suggestion that Sterling Heights PFRS filed its complaint "in the eleventh hour" to "preclud[e] similarly-situated potential movants from identifying themselves to the Court" (ECF No. 56 at 2 n.2) is (1) nonsensical given that the Pension Funds had already published a notice, and (2) flatly inconsistent with Sterling Heights position throughout this lead plaintiff process. Far from discouraging other potential movants, Sterling Heights PFRS proposed issuance of a new notice precisely so potential Securities Act Class movants could have ***additional time*** to come forward and seek a leadership role underscoring its commitment to adequate and conflict-free representation of the Securities Act Class.

### CONCLUSION

For the foregoing reasons, and for the reasons explained in its Motion and opposition brief, Sterling Heights PFRS respectfully requests that the Court enter an Order: (i) directing the issuance of a new lead plaintiff notice period for the Securities Act Class or, alternatively, recognizing a separate putative Securities Act Class; (ii) appointing Sterling Heights PFRS as

MEMORANDUM OF POINTS AND AUTHORITIES (i) IN FURTHER SUPPORT OF STERLING HEIGHTS PFRS'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND (ii) IN REPLY TO COMPETING MOVANTS' OPPOSITIONS – No. 25-cv-9410-EKL

Lead Plaintiff for the putative Securities Act Class; and (iii) appointing Sterling Heights PFRS's selection of counsel as Lead Counsel for the putative Securities Act Class.

Dated: San Francisco, California
      January 20, 2026

Respectfully submitted,

*/s/ M. Elizabeth Graham*
M. Elizabeth Graham (SBN 143085)
GRANT & EISENHOFER P.A.
2325 Third Street, Suite 329
San Francisco, CA 94107
Tel.: (415) 229-9720
Fax: (415) 789-4367
Email: egraham@gelaw.com

Karin E. Fisch (*pro hac vice* forthcoming)
Vincent J. Pontrello (*pro hac vice* forthcoming)
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: kfisch@gelaw.com
Email: vpontrello@gelaw.com

*Counsel for City of Sterling Heights Police &*
*Fire Retirement System*

MEMORANDUM OF POINTS AND AUTHORITIES (i) IN FURTHER SUPPORT OF STERLING HEIGHTS PFRS'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL AND (ii) IN REPLY TO COMPETING MOVANTS' OPPOSITIONS – No. 25-cv-9410-EKL